ROBERT C. GUNTHER, Respondent, v. ROBERT L. ROY
et al., Appellant.

St. Louis Court of Appeals, April 12, 1898.

1. **Evidence**: EFFECT OF IRRELEVANT TESTIMONY: PRESUMPTION. Evidence introduced in a case against the objections of a party to the suit, although not relevant and not pertinent to any issue in the case, is presumed to have influence with the jury in the formation of their verdict.

2. ———. A jury must in every case believe that all the testimony admitted by the court, and not withdrawn from their consideration, is proper testimony, and that they, under their oaths, are bound to consider it.

3. ———: ———: PRESUMPTION. The presumption is that the jury did not disregard the testimony so admitted in this case, and that it had its influence over the minds of the jury. That influence was to the prejudice of the appellants, and deprived them of a fair and impartial trial of the issues on competent and relevant testimony.

*Appeal from the Shelby Circuit Court.*—HON. ANDREW
ELLISON, Judge.

REVERSED AND REMANDED.

VERNON DRAIN for appellant.

"An erroneous instruction is not remedied by the giving of a correct instruction which is inconsistent and irreconcilable therewith." State v. Cable, 117 Mo. 380; State v. Herrell, 97 Mo. 105; Bluedorn v. R. R., 108 Mo. 439; State v. Clevenger, 25 Mo. App. 653. We take it for granted that the proposition that where several articles are exchanged even for other articles, there can be no charge against either party to the exchange, is so evident that it needs no citation of authorities. The court erred in permitting the letter

from Hewitt to plaintiff to be read in evidence. It is marked "Exhibit G." It had not even the remotest tendency to prove the issue in the case. But the evident purpose was to show the jury that the church could lose nothing, and that some one else should pay it, and would pay it. Before offering this letter Mr. Jewett asked the witness Drain whether the church did not have a bond from Roy, and being asked by the court what his purpose was, frankly stated that it was "to show that the church won't lose anything." The letter was rank poison and should have been excluded. Smith v. Young, 26 Mo. App. 575; Gorham v. Auerswald, 53 Mo. App. 131; Ritter v. Bank, 87 Mo. 574; Barker v. R. R., 126 Mo. 143; Adams v. R. R., 74 Mo. 553; Bevis v. R'y, 26 Mo. App. 19.

W. O. L. JEWETT for respondent.

Where the judgment is for the right party it will be affirmed notwithstanding the errors in the instructions. Sullivan v. R'y, 133 Mo. 1; Finley v. St. L. Refrig. & W. G. Co., 99 Mo. 559; Walsh v. Exp. M. H. Ass'n, 101 Mo. 534; Fortune v. Fife, 105 Mo. 433; Bushy v. Glenn, 107 Mo. 331; Norton v. Paxton, 110 Mo. 456; Williams v. Mitchell, 112 Mo. 300. The only other error insisted upon is permitting the Hewitt letter to be read. It was a letter about the business, in reply to one from plaintiff. Appellants say it was "rank poison." And why? Because, it is alleged, it was calculated to prejudice the jury. For or against whom? Appellant complains because it discloses the fact, which is the truth, that defendant Roy had given the defendant trustees a bond. Why should the truth prejudice the jury? How can such an "irrelevant letter" prejudice the jury? The admission of immaterial evidence which is harmless is not reversible error. McMahon v. R'y,

132 Mo. 64. But it is material. It shows the trustees knew of this unpaid bill, and assured respondent it would be paid. The statements sent out by the lady bookkeeper to Mr. Hewitt seem to have been negligently made out as mere statements of account to show amount of indebtedness. The one sued upon was carefully made out item by item and sworn to by the proprietor. The witness, John Arnold, testified that the one sued upon was correct, and the statements were not; and no testimony disputed this. Hence the jury rightly found that the statement sued upon was correct.

BLAND, P. J.—Defendant Robert L. Roy, under a contract made with the other defendants, as trustees of the Methodist Episcopal church, south, at Shelbyville, Missouri, erected a church edifice for said church. Roy purchased of the plaintiff hardware of the value of $92.50, for, and which was used in the construction of, the building. The plaintiff gave notice and filed a lien paper and brought suit against Roy and the trustees of the church to establish and enforce a mechanic's lien against the church and lot upon which it stood, for the payment of his account of $92.50, which Roy had failed to pay. The issues were tried by a jury, who returned a verdict against Roy for $92.50, and for plaintiff establishing a lien upon the property described in the petition. Judgment was rendered for plaintiff on the verdict, from which after unsuccessful motions for new trial and in arrest of judgment, the trustees duly appealed. The suit was begun October 27, 1896. The date of the last item of the lien account is April 20, 1896. The contention of appellants is, that the true date of the last item is February 13, 1896. If this be so, then the suit was not brought within four months from the

accruing of the account and plaintiff's right to establish his lien was barred by the statute when he brought his suit. To substantiate this defense appellants read in evidence two statements of Roy's account rendered by plaintiff, in both of which the last item of the account is dated February 13. One of these rendered in May has at the end of the account on credit side this statement: "2 sets F. D. Locks—Even Exchange." The lien account has the following entries on the debtor side:

Feb. 13, 48½ Pr. 4x4 24½ D. 2 Butts....................$20 85
March 27, 1 Setts C. 2290-24 B. Locks....'...............  7 00
April 20, 1 Setts C. 2290-24 B. Locks....................  7 00

And on the credit side April 14th, By 2 Setts C. 2298 Locks..$14 00

Appellants claim that the last two items on the debit side of the account are the two locks which were exchanged even on April 14. If this be so, then the last item of plaintiff's account was sold to Roy February 13, and there is no lien. The plaintiff, however, adduced testimony contradictory of this theory and tending to prove that the account as stated and filed with his lien declaration was correct in every particular, and that the last item of the account was sold to Roy on the twentieth day of April, 1896. This issue of fact was submitted to the jury by appropriate instructions, and their verdict as to this question of fact is conclusive in this court. Appellants contend that the instructions given were erroneous. We think otherwise; they were fair, unambiguous and correctly declared the law of the case and are above criticism. The court, over the objection of the appellants, admitted in evidence the following letter written by one of the defendants to the plaintiff on June 17, 1896, to wit:

"*M. R. C. Gunther, Quincy.*

"DEAR SIR:—Yours at hand. Mr. Roy is behind on payment of some of his bills. His brother, R. F. Roy, judge of this district and one of his bondsmen, says in about two weeks he will be through with his court and he will perform his obligation. That means if R. L. Roy, his brother, can not meet the payment he will. I don't think any body will lose anything on Mr. Roy. His bondsmen I think will settle all his bills.          Yours,

"J. J. HEWITT."

This letter was not relevant or pertinent to any issue in the case. The evident purpose of reading this letter was to inform the jury that the church would not be financially hurt by a verdict establishing the lien, as it had the bond of Judge Roy to indemnify it against loss on account of plaintiff's claim. Such testimony should not have influenced the jury, but we are not prepared to say that it did not. A jury must in every case believe that all the testimony admitted by the court and not withdrawn from their consideration, is proper testimony, and that they, under their oaths, are bound to consider it. We must therefore take notice of the fact that the jury when they made up their verdict had in view with all the other evidence, this irrelevant letter. What influence it may have had in the formation of the verdict, no man can know. The presumption is that the jury did not disregard it, and that it had its influence over the minds of the jury. That influence was to the prejudice of the appellants, and deprived them of a fair and impartial trial of the issues on competent and relevant testimony. For this error the judgment is reversed and the cause remanded. All concur.

IRRELEVANT testimony: presumption.