BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1924.

---

ELLEN DILLON, Respondent, v. MORRIS WEIN-
BERG and SOPHIA WEINBERG, Appellants.

St. Louis Court of Appeals. Opinion Filed March 4, 1924.

1. **WITNESSES: Cross-Examination: Proper to Elicit Admissions That Tend to Contradict Evidence in Chief.** It is proper, on cross-examination, for plaintiff to elicit from the defendant admissions that tend to contradict, destroy, weaken, or discredit the evidence he had given in chief, and in an action for personal injuries by a tenant against husband and wife, where defendant husband as a witness for plaintiff testified directly to the fact that he alone had purchased the property in question and that the property remained in his sole name up until the date of the trial, and that he had been the sole owner on the date when plaintiff testified she had met with her injury, although the records showed the title was in husband and wife, it was competent when he afterwards took the stand in his own behalf to elicit admissions on cross-examination that after the accident he and his wife had conveyed the property to another who had reconveyed it to his wife.

2. **LANDLORD AND TENANT: Negligence: Tenant Injured: Instructions: Ownership of Premises: Instructions Not Erroneous.** In an action by a tenant against defendants, husband and wife, for injuries alleged to have been sustained by her while a tenant of defendants, where the court in one instruction told the jury that if plaintiff was a tenant of defendant husband and he alone owned the property in question, etc., and in another instruction told the jury that if plaintiff was a tenant of defendants and that they were the owners of the property in question, etc., the instructions were not erroneous as not requiring the jury to find that "the premises occupied by plaintiff" were in fact owned or controlled by the defendants.

(223)

3. **INSTRUCTIONS: Refusal to Give Instructions Covered by Given Instructions or Not Supported by Evidence: Not Error.** The court did not err in refusing to give instructions fully and fairly covered by given instructions, or instructions which there was no evidence adduced to warrant.

4. **DAMAGES: Excessive Damages: Shoulder Dislocated etc.: Verdict for $900 Not Excessive Under the Evidence.** In an action by a tenant for personal injuries, where the evidence showed that plaintiff, as result of her fall upon a pile of rocks at the foot of the cellar steps, her arm was cut in three places, and there was a cut back of her ear and that her shoulder was dislocated; that on her arm there were three deep cuts between the wrist and elbow; that she was confined to her bed for several weeks and that she suffered from nervousness as result of said injuries, a verdict for $900 *held* not excessive under the evidence.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Benjamin J. Klene*, Judge.

AFFIRMED.

*Taylor, Mayer & Shifrin* for appellants.

(1) The court erred in permitting respondent to introduce evidence to show that the property in question had been transferred by appellant Morris Weinberg, through an intermediary, to said appellant's wife, the appellant Sophia Weinberg. Such evidence had no purpose or effect other than to create bias or prejudice in the minds of the jury and it was error to admit it. Naughton v. Laclede Gas Light Co., 123 Mo. App. 192, 100 S. W. 1107; Gunther v. Ray, 74 Mo. App. 597. (2) Instructions 1 and 2 for respondent were erroneously given because they did not require the jury to find the "premises occupied by plaintiff" to have been owned or controlled by appellants. (3) To refuse instructions B and D offered by appellants was error. (4) The jury awarded excessive damages. (5) The demurrers to the evidence offered at the close of the plaintiff's case and at the close of the entire case should have been sustained as to the appellant Sophia Weinberg.

*A. F. C. Blase, Curlee & Hay* and *Glen Mohler,* for respondent.

(1) It was proper to permit defendant, Morris Weinberg, to testify on cross-examination that since the accident, but prior to the trial, he had put his property in his wife's name, such evidence being relevant as an admission by act or conduct of his liability. Cusick v. Miller, 102 Kans. 663, L. R. A. 1918D, 1086; Harrod v. Bisson, 48 Ind. App. 549; Chaufty v. De Vries (R. I.), 102 A. 612; Portland Gaslight Co. v. Ruud, 136 N. E. 75; Rice v. Transit Co., 186 S. W. 568; Baldwin v. Boulware, 79 Mo. App. 5. (2) Instructions Nos. 1 and 2 sufficiently required a finding of ownership of the property in question by appellants and that respondent occupied the building as a tenant of appellants. (3) Appellants' instructions B and D were properly refused, as the matter therein contained, in so far as proper, was covered by other instructions. (4) The damages were not excessive, considering the nature and extent of the injury. (5) There was ample evidence as against demurrer to connect appellant, Sophia Weinberg, with the ownership of the property, the undisputed evidence being that she and her co-appellant were owners by the entirety.

BECKER, J.—Plaintiff sued the defendants, husband and wife, for injuries alleged to have been sustained by her while a tenant of the defendants, occasioned by her being caused to fall head-long from cellar steps which had been allowed to become "loose and wobbly." Plaintiff recovered a judgment against both of the defendants in the sum of $900. Defendants in due course appeal.

Plaintiff and her husband occupied the first floor of a two story two family flat, the second floor tenant, together with plaintiff and her husband, having joint use of the basement together with the stairway leading thereto.

According to plaintiff's testimony the steps which led to the basement of the building had no balustrade or

handrail, and in the month of March, 1921, a number of rocks which formed a part of the cellar wall caved in and part of them fell against the steps leading into the basement, knocking the steps out of line, and thereafter the steps "were shaky; would shake back and forth;" and plaintiff testified that she told the agent who collected the rent, of the dangerous condition of the steps just after the wall had caved in; that some two months later plaintiff started to the basement to get some kindling and while she was in act of descending the steps into the basement the steps shook, causing her to fall to the bottom of the steps and onto the pile of rocks which had caved in from the cellar wall and which were still lying on the basement floor, causing her injuries.

During the progress of the trial plaintiff called the defendant, Morris Weinberg, as her witness to testify as to the ownership of the property. Weinberg testified that he alone owned the premises in question; that the deed was in his sole name; that he had bought the property from a Mr. Pastel some fourteen or fifteen years before, and that after he got his deed from Pastel he had never made a deed to the property to anyone else, and that he owned the property on May 19, 1921, the day upon which plaintiff testified she had met with her injuries. Thereupon the plaintiff introduced records of the Recorder of Deeds of the city of St. Louis, and read in evidence a recorded deed dated February 2, 1910, from Raphael Pastel to Morris Weinberg, and Sophia Weinberg, his wife. The description in this deed covered the property which plaintiff testified she was occupying as a tenant and which the defendant Weinberg had testified he was the sole owner of on the day that plaintiff met with her injuries.

Defendant, Morris Weinberg, was again put on the stand as a witness during the defendants' case.

Mr. Hay was one of counsel for plaintiff and Mr. Shifrin for defendant. From the cross-examination of said defendant Weinberg when a witness for defendants, we quote the following:

Mr. Hay: "Q. I believe you said you still own this property? A. I don't know; I did, but the place has transferred and changed hands some time already."

"Q. But you still own this property—didn't you say that on the witness stand awhile ago?"

Mr. Shifrin: "I object—"

The Witness: "I did own it at that time."

Mr. Hay: "Q. You have been trying to get it out of your name?"

Mr. Shifrin: "I object to that as improper."

Mr. Hay: "It is proper; I can show this witness tried to convey this property; the conduct of the man since that time is the object of admission—"

Mr. Shifrin: "I ask that counsel be reprimanded and that the jury be instructed to disregard his remarks."

Mr. Hay: "You have tried to get rid of the property? A. No, sir."

"Q. You made a deed to this property, you and your wife, to Mildred M. Weber—"

Mr. Shifrin: "I object to that as improper."

The Court: "Objection overruled."

Mr. Hay: "Q. I will ask if you didn't make a deed to this property to Mildred M. Weber on March 23rd, 1922? A. I did."

"Q. Didn't Mildred M. Weber then make a deed of the property back to your wife?"

Mr. Shifrin: "I object—"

The Court: "Objection overruled."

"A. Yes, sir; I did at the time we sold the property."

"Q. What did you do that for?"

Mr. Shifrin: "I object—"

The Court: "Overruled."

Mr. Hay: "What did you do that for?"

"A. I didn't do it; we sold it."

"Q. You first deeded it to Mildred M. Weber? A. Yes, sir."

"Q. And Mildred M. Weber then deeded it back to your wife; what for?"

Mr. Shifrin: "I object."

The Court: "Overruled."

Mr. Hay: "What did you do that for? A. Well, we sold the property; that is all."

"Q. Who did you sell it to? A. Mildred M. Weber."

"Q. What did she deed it back for? A. I don't know, just wanted to sell it back to my wife."

One H. Kaplin was adduced as a witness for defendants. He testified that he was in the real estate business and that property in question was at the time of the trial in his hands for the purposes of sale. Counsel for defendants asked him whether he had been the agent who had sold the property for defendant, Morris Weinberg, to Mildred M. Weber. The witness answered: "That was the idea to make it in his wife's name." "Q. Just to get it in his wife's name? A. Yes, sir, it wasn't for sale."

Appellant's now urge that the trial court erred in permitting plaintiff below to introduce evidence to show that the property in question had been transferred by the defendants through an intermediary to defendant Weinberg's wife, Sophia Weinberg.

It is urged in support of this contention that there was no issue in the case which this evidence tended to prove or disprove; that the only issue as to the property was its ownership at the time of the injury and that it made no difference who owned the property at the time of the trial or at any time after the date upon which plaintiff received her alleged injury; that the admission of this evidence had no purpose or effect other than to create bias or prejudice in the minds of the jury and it was therefore error to admit it. In support of this contention we are cited Naughton v. Gas Co., 123 Mo. App. 192, 100 S. W. 1104, and Gunther v. Ray, 74 Mo. App. 597.

The cases cited, supra, are authority for the rule that when evidence is shown to have been incompetent and to have been erroneously admitted against the objection of a party, it constitutes reversible error unless it appears affirmatively not to have been of prejudicial influence.

After a careful consideration of the facts and circumstances surrounding the introduction of the evidence complained of as having been incompetent and therefore its admission prejudicial to the defendants, we have come to the conclusion that the point sought to be made is not well taken.

· It will be noted that the defendant, Morris Weinberg, as a witness for plaintiff, testified directly to the fact that he alone had purchased the property in question from Pastel; that the property remained in his sole name up until the date of the trial and that he had been the sole owner of the property on the date when plaintiff testified she had met with her injury, and that he had never made a "deed to the property to anyone." Thereupon plaintiff introduced the records of the Recorder of Deeds Office showing that the deed to the property in question had been made by Pastel to Morris Weinberg and Sophia Weinberg, his wife. It was only after the defendants had put Weinberg upon the stand as their witness that on cross-examination inquiry was had as to the real owner- . ship of the property in question and though Weinberg at first reiterated that at the time plaintiff met with her alleged injuries he alone owned the property, yet when pressed as to whether he and his wife had not after the date upon which he claimed he was the sole owner thereof, made a deed to one Mildred M. Weber for the said property, he admitted that they had done so, claiming they had sold the property to Mildred M. Weber. Then when pressed as to whether or not Mildred M. Weber had not in fact deeded the property back to his wife, Sophia, he admitted that to be a fact and in answer to the question: "What did she deed it back for?" He answered: "I don't know. Just wanted to sell it back to my wife." In light of this situation we are of the opinion and so hold that for the purposes of cross-examination there was no error in the admission of the testimony in question. It is proper, on cross-examination, for plaintiff to elicit from the defendant admissions that tend to contradict, destroy, weaken or discredit the evidence he had given in chief and we think the testimony elicited on

cross-examination and objected to, tended to have this effect.

Plaintiff suggests another theory upon which the evidence objected to was competent and for which there is creditable authority, namely, the admission of testimony that defendant had conveyed his real estate after plaintiff had begun her suit for damages is proper upon the theory that such conveyance might disclose inculpatory facts and circumstances or an admission, by way of acts and conduct, proper to be submitted to the jury as tending to show that the defendant was conscious of his liability as for negligence in plaintiff's action, and that he feared that he might be required to respond in damages on account thereof. [Wigmore on Evidence (2 Ed.), sec. 282; 2 Wharton on Evidence (2 Ed.), sec. 1081; Herrod v. Bisson, 48 Ind. App. 549; Chaufty v. DeBries (R. I.), 102 Atl. Rep. 612; Hensky v. Smith, 10 Oregon, 349; Penn. Ry. Co. v. Henderson, 51 Pa. 615.]

Certainly if the above rule were to be adopted here (which in light of what we have ruled above it is not necessary to decide herein) then the instant case would fall within it and for the reason that the wife was a party defendant together with the husband and that the husband when first put on the stand testified positively that he was the sole owner of the property, when in point of fact by his own admission when on the stand the second time, the property in question was held by him and his wife as husband and wife in an estate by entirety at the time in question and at the time of the trial the sole ownership of the property had been transferred to the wife. Furthermore after the questions had been put and the answers made, to which objection is here raised, the defendants had an opportunity on re-direct examination to obtain a full explanation and a statement of all of the facts and circumstances of the conveyance in question to the end that the jury might draw no improper inferences from the admitted evidence; the defendants also had the full protection which the law affords of defining the application

and the purpose of the admitted evidence by tendering, if they so desired, an instruction thereon.

In light of what we have stated we rule this point adversely to appellants.

The next assignment of error is that instructions numbered one and two given for plaintiff below were erroneous in that they did not require the jury to find that "the premises occupied by plaintiff" were in fact owned or controlled by the defendants.

A simple reading of the instructions shows that the point is without merit. Instruction numbered one told the jury that "if you find and believe from the evidence that the plaintiff was a tenant of defendant, Morris Weinberg, and that he alone owned the property in question, . . . " and instruction numbered two told the jury that "if you find and believe from the evidence that the plaintiff was a tenant of the defendants and that they were the owners of the property in question. . . . "

Again an examination of defendants' instructions shows that the case was submitted to the jury by defendants upon the sole theory that the premises were occupied by plaintiff and were the property of *both of the defendants*.

Complaint is made of the refusal of two instructions offered on behalf of the defendants. Instruction "B" was properly refused in that there was no evidence adduced at the trial of the case to warrant its submission. Furthermore instructions numbered six and eight, given on behalf of the defendants, fully and fairly covered that branch of the case for defendants. Instruction "D" was properly refused in that there was no testimony that the defects in the steps made the danger of their use so obvious and impending that a person in the exercise of ordinary care would not have used them. The instruction was properly refused.

As to the size of the verdict. Plaintiff testified that as the result of her fall upon the pile of rocks at the foot of the cellar steps she cut her arm in three places and there was a cut back of her ear and that her shoulder was dislocated; that on her arm there were three deep cuts

between the wrist and elbow; that after she had been confined to her bed about four weeks she "got up but couldn't do anything." Her arm continued to bother her for four months and she further testified that at the time of the trial her head still "bothers" her.

Dr. Herriott, a witness for plaintiff, testified that he was called to attend plaintiff immediately after she met with her injuries; that he found her in a hysterical condition with blood flowing from her face and arm, and a cut on the right side of her head; three abrasions on her right arm. Her elbow was swollen and her right shoulder dislocated; that he had been treating plaintiff off and on since the date of her injuries to the date of the trial, for nervousness, a condition which in his opinion was attributable to the injuries she had sustained.

In light of this testimony we are unable to rule that a verdict of $900 is excessive. The case was well tried and the judgment is for the right party. Finding no error prejudicial to the rights of the defendants or either of them, the judgment should be affirmed. It is so ordered. *Allen, P. J.*, and *Daues, J.*, concur.