## MAGNOLIA PETROLEUM CO. v. E. P. AKIN et al. (No. 889–4769.)

Commission of Appeals of Texas, Section B. Dec. 12, 1928.

A. S. Hardwicke and W. H. Francis, both of Dallas, and Conner & McRae and G. G. Hazel, all of Eastland, for plaintiff in error.

Scarborough & Wilson, of Abilene, for defendants in error.

SPEER, J. E. P. Akin and wife and others sued the Magnolia Petroleum Company in the district court of Stephens county to recover damages growing out of the operation of certain oil leases, amongst other elements, for royalty upon gasoline; the petition in this respect alleging:

"The gas taken by the defendant from the wells on said leases contains gasoline in large quantities, the gasoline being refined oil, so that under the terms of said leases the plaintiffs are and have at all times been entitled to recover one-eighth of such gasoline under the terms of said leases. That the defendant has taken from the wells on said leases large quantities of gasoline, the amount of which is to plaintiff unknown, but is peculiarly within the knowledge of the defendants. Plaintiffs are and have at all times been entitled to receive pay from the defendant at the current market price for one-eighth of the gasoline so taken by it, but the defendant had appropriated all of the gasoline so taken for its own use and benefit without accounting to the plaintiffs for any part thereof."

The trial court sustained a general demurrer to this part of the petition. An issue of damage to the land from salt water was submitted, and a verdict in plaintiff's favor returned. Both parties prosecuted a writ of error to the Court of Civil Appeals, and that court reversed the cause upon each complaint, dividing the cost of appeal between them.

289 S. W. 152. The Magnolia Petroleum Company alone has been granted a writ of error. The plaintiff in error's complaint with respect to the reversal in favor of defendants in error must be sustained. The instrument of lease involved in this case is identical with that this day construed by us in Magnolia Petroleum Co. v. Earn T. Connellee, 11 S.W. (2d) 158, and the decision of that case controls the disposition of this one. The lease instrument before us having spoken specifically with respect to the matter, the parties' rights in casinghead gas are governed by that instrument. We need only refer to the opinion in the Connellee Case for our reasons for this holding.

We therefore recommend that the judgment of the Court of Civil Appeals, wherein it sustained defendants in error's assignments and remanded the cause for another trial upon the issue of royalties in gasoline or casinghead gas, be reversed; but, since there is no complaint by defendants in error as to its reversal upon the other grounds, its judgment of remanding should be affirmed.

GREENWOOD and PIERSON, JJ. Judgment of the Court of Civil Appeals affirmed, but further proceedings in the district court on remand of cause to be in accordance with opinion of the Commission of Appeals. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.