## COOK v. MANN et ux.

No. 1265—5665.

Commission of Appeals of Texas, Section B.

June 10, 1931.

P. B. Cox and E. L. Fulton, both of Wichita Falls, for plaintiff in error.

Walsh & Smith, of Wichita Falls, for defendants in error.

SHORT, P. J.

This suit was instituted by the defendants in·error, who are husband and wife, for damages alleged to have been occasioned by the negligent act of the 17 year old son of the plaintiff in error, in driving a Ford automobile, belonging to the employers of the father of the son, on a public street of the city of Wichita Falls, rapidly and recklessly, and in striking the car of the defendants in error, wrecking it, and throwing the wife to the pavement, seriously injuring her. The case was tried to the court alone, and judgment was rendered in favor of the plaintiff in error. The judge filed his findings of facts and conclusions of law, but no statement of facts was filed. Upon an appeal to the Court of Civil Appeals at Fort Worth, that court reversed the judgment of the district court, and rendered a judgment in favor of the defendants in error for the sum of $2,500, the amount of damages the district judge found the defendants in error had sustained. 23·S.W.(2d) 860.

The opinion of the Court of Civil Appeals details the material allegations in the petition, and copies in hæc verba the findings of fact and conclusions of law by the trial court, to which we refer for a complete understanding of the issues presented and the facts established. This opinion by the Court of Civil Appeals, as we construe it, bases the conclusion reached upon three somewhat related principles of the law. One is the family purpose doctrine, another is the law of ʾprincipal and agent, and the other is that applicable to the civil liability of the parent for the tortious act of a minor child. Thus construing the opinion of the Court of Civil Appeals, we will discuss these three principles in the light of the pleadings, and of the facts found by the trial judge.

Corpus Juris· defines family purpose doctrine as follows: "That where a head of the family maintains a motor vehicle for the general use, pleasure and convenience of the family, the use of the vehicle for the pleasure and convenience of the family is in furtherance of his purpose in providing it, and he is in many jurisdictions held liable for the negligence of a member of the family having general authority to drive it, while the vehicle is being so used." 42 C. J. p. 1080, § 838. The same authority, under § 839, further states: "that this rule will be applied only to vehicles maintained for the general use, pleasure and convenience of the owner's family."

Among other allegations of the petition is one to the effect that the plaintiff in error, at the time of the collision, and for some time prior thereto, had been an actual employee of the Hamilton, Martin Investment Company, and that the car being driven at the time, by the son, had been furnished to the plaintiff in error to be used by him in the regular discharge of his duties as such employee, and that the plaintiff in error had been permitted by said company to keep said car in his possession and that he had full control of the car, and used it, not only for his work, but also as a family car, and the members of his family, including this son, were permitted to use said car as a family car, and that on the occasion in question the car was being used by the son as a family car, with the knowledge and consent of the plaintiff in error.

The findings of fact, as specially applicable to these allegations, are to the effect, that the plaintiff in error was not guilty of any negligence; that the car, driven by the son at the time of the accident, was owned by the Hamilton, Martin Investment Company, and had been turned over to the plaintiff in error by this company to use in the work of the company and for no other purpose; that the plaintiff in error had kept said car at his home, when not used, for two or three months prior to the accident, and on three or four occasions the plaintiff in error had sent this son on errands in said car to get ice and laundry.

The trial court having rendered a judgment in favor of the plaintiff in error, it is the duty of the appellate court to construe these findings of fact in their most favorable light, so that the facts found will be in harmony with each other and with the judgment rendered. The fact that the plaintiff in error was not guilty of any negligence is tantamount to a finding that these damages, inflicted by his son, were not the result of any act or declaration on his part, inconsistent with his duty as the head of the family to control his children and his property, or property in his charge, as a man of ordinary prudence under the same or similar circumstances would have done. The fact that the car belonged to his employers, to be used in pursuit of their business only, in connection with the fact that the plaintiff in error was not guilty of any negligence, when favorably construed so·as to support the judgment, negatives the idea that the car was used as a family car, and that under these facts the family purpose doctrine would not be applicable to the facts in this case.

The trial judge found that the only time this son had·ever used this car, previous to the occasion in question, was when he had been expressly sent upon an errand by his father, and that in accomplishing the purposes of these errands, only four in number at the utmost, the son had so used the car that no damage was done to any one. The court also found that upon the occasion in question the father was ignorant that the son had used the car. Giving the most favorable construction to these findings of fact, so

they would be in harmony with the judgment rendered, we conclude that the father had prohibited his son from using this car, except upon the occasions heretofore mentioned. Moreover, the court also found that the son, in using the car, did so on this occasion for his own pleasure, meaning that the car was not only used without the knowledge of the father, but that it was not being used, at the time damage was done, for any purpose of the father. In order that a principal shall be liable for the acts of another, in the capacity of an agent, the acts must be done either by express authority of a person in the capacity of a principal, or done in the ordinary scope of the employment of the agent acting for his principal. Here we have a finding that the son not only did not act by any express authority of the father in taking the car, but that in doing so he was pursuing his own pleasure, meaning that the relation of principal and agent did not exist at the time the damage was done. The relationship of parent and child does not necessarily involve the relation of principal and agent or of master and servant. The parent has the right to the control and custody of the child, and the right to his services and earnings, and is under an obligation to maintain and educate the child. But these rights and duties create no authority in the child to represent and bind its parent. There is no such relationship existing between father and son, though the son be a minor and living with the parent, as will make the acts of the son more binding upon the father than the acts of any other person. The authority of a child to bind its parent by its acts can only arise out of an express or implied delegation of that power by the parent. According to the findings of fact, relating to the principle of law, applicable to principal and agent, the son, in taking this car and using it in the manner he did, was not acting as the agent of the father, but on the contrary, the court finds facts which necessarily mean that he was not.

The Court of Civil Appeals, in its opinion, said: "That, if M. M. Cook knowingly consented for his son to drive the car on a mission of business or pleasure of the son only, the son thereby became his agent, since it is the duty of a father to provide for his minor child, and, if he places in the child's control a dangerous instrument in the use of which a tort is committed, resulting in injury to others, he is in no position either in law or equity to complain that his act in thus placing the dangerous machine in the hands of his child was not the primary and procuring cause of the injury." This language does not correctly state the law applicable to the facts in this case, as found by the trial judge. The plaintiff in error did not, knowingly, consent for his son to drive the car for any purpose, and he did not place this car in the child's control, if we are to give any weight to the findings of fact by the trial judge on this subject.

The Court of Civil Appeals, in its opinion, says, among other things: "There is a hopeless conflict in the cases relating to the subject matter of this suit." This conflict, in these cases, arises in the main from the fact that under the civil law the liability of of a father for the tortious acts of a minor child is much broader than under the common law. At common law, according to the authorities which are clear and uniform, the father is not answerable in a civil action for damages for the wrongful act of his minor child, where they live with him and are under his control, and where the acts complained of were not authorized by the father; were not done in his presence; had no connection with the father's business; were not ratified by him; and from which the father received no benefit. Otherwise expressed, a father is never liable for the wrongful acts of his minor child, unless they are committed with the father's consent, or in connection with the business of the latter, or as his servant or agent. Chandler v. Deaton, 37 Tex. 406; Ritter v. Thibodeaux (Tex. Civ. App.) 41 S. W. 493. In Brohl v. Lingeman, 41 Mich. 711, 3 N. W. 199, it was held that a father is not subject to an action for damages for injuries occasioned by reckless and unlawful driving of his minor son, as where he runs against a person. Relationship alone does not make a father answerable for the wrongful acts of his minor child. There must be something besides relationship to connect him with such acts before he becomes liable. It must be shown that he ratified such acts or that the child was his servant or agent. There is no allegation in the petition that the plaintiff in error ratified the wrongful act of the son, though there is a finding of fact by the judge, to the effect that after the accident the plaintiff in error stated that he knew his son had driven the car and had his permission to do so, and that he, the father, was going to stand by him. Since there is no allegation of ratification in the petition, in the face of the fact that the court found that the plaintiff in error did not give his express permission to his son to drive the car, at this particular time, and in the face of the fact that the trial judge rendered a judgment in favor of the plaintiff in error, we are convinced that the court did not give any weight in the rendition of its judgment to this finding of fact, to the effect that the father had given his permission to the boy to use the car on this particular occasion. Even had the court indicated that he had given any weight to this particular finding, we would be compelled to hold that this finding was not material to any issue in the case, with no allegation that the father had ratified the act of the son in using the car.

There is, however, in the finding of fact by the trial court, upon which the Court of Civil Appeals seems to have based its judgment in part, a finding to the effect that the son had the implied consent of the father to use the car. An implied consent is actual consent circumstantially proved. It is argued that, in the absence of a statement of facts that this finding of fact is conclusive, the judgment rendered by the trial court is erroneous. Findings of fact by a trial court, in the absence of a trial by a jury, are in the nature of special verdicts. When a judgment is rendered upon the special verdict of a court, and there are inconsistent findings, it is the duty of appellate courts to ignore those findings of fact, which are not in harmony with each other and with the judgment, and to consider only those findings of fact which are in harmony with each other and with the judgment, in the absence of a challenge of these findings of fact by the complaining party. This record presents no such challenge. Under such circumstances it will be presumed that the trial judge based his judgment upon those facts in harmony with each other and the judgment.

But assuming that the son had the consent of the father to use the car, belonging to the father's employers, for this particular occasion, it does not necessarily show that the father was responsible for the damages resulting from the negligent act of the son. When we consider the other findings of fact which we have discussed, this implied consent does not bring this car within the family purpose doctrine, as heretofore defined. Neither does this implied consent, giving due effect to the other findings of fact, make the son the agent of the father, under such circumstances, so as to make the father civilly liable in damages for the result of the negligent act of the son, under the doctrine of principal and agent. Nor does this implied consent, in the light of the other findings of fact, make the father responsible in damages for the tortious act of the son. We are therefore of the opinion that this finding of fact is not material to any issue made by the pleadings and the facts, and is not of such controlling effect as to justify the Court of Civil Appeals to set aside the judgment of the district court, and to substitute therefor its own, in direct opposition thereto.

Since the findings of fact show that the car in question was not used by the son as a family car of his father, and since the findings of fact further show that the father was not negligent in any respect, and that the car did not belong to him, and that he had never permitted the son to use it, except on four occasions at most, and since the son, in taking the car and using it, did so for his own pleasure, and since there is no pleading that the father ratified the act of the son, under such circumstances as to make him liable in damages for the negligence of the son, we conclude that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed, and we so recommend.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.