**REMINGTON RAND, Inc., v. SUGARLAND INDUSTRIES.**

**No. 10640.**

Court of Civil Appeals of Texas. Galveston.

Nov. 23, 1938.

Rehearing Denied Dec. 22, 1938.

Schuhmacher & Brown and H. Fletcher Brown, all of Houston, for plaintiff in error.

Joe Corman, of Houston, and Peareson & Peareson, of Richmond, for defendant in error.

MONTEITH, Special Commissioner.

This action was brought by Remington Rand, Inc., against the Sugarland Indus-

tries in the district court of Fort Bend County, to recover rentals claimed to be due on certain accounting machines leased by the plaintiff to defendant, aggregating the sum of $2,176.12.

The trial, which was before the court without a jury, resulted in a judgment for defendant. The court, at the request of plaintiff, made and filed findings of fact and conclusions of law.

The following pertinent facts were proved:

By written contract, dated September 2, 1932, plaintiff leased to defendant certain accounting machines consisting ·of two Automatic Key Punches, one Alphabetical Key Punch, one Sorter, and one 6-unit Printing Tabulator.

On December 15, 1930, plaintiff's predecessor in business had leased certain equipment to defendant under the same terms as the contract of September 2, 1932, above referred to, except that the property listed in this contract was described as two Alphabetical Key Punching Machines, one Sorting Machine, and 1 6-unit Printing Tabulator. This contract was in force at the time of the execution of the contract dated September 2, 1932, and all of the property described in the latter contract was in the possession of defendant, having been installed prior to September 2, 1932.

On December 7, 1933, defendant executed and forwarded to plaintiff a purchase order for 1 Model 2-620 Alphabetical Tabulator at the price of $225 per· month. This tabulator was delivered to defendant on or about May 1, 1934, and the tabulator then in use by defendant was removed by plaintiff and no rental was · claimed or charged on the machine that was removed after that date.

The contract of September 2, 1932, provided that the lease should continue in force with respect to each machine installed for the term of one year "from the date each such machine is placed on rental". It provided for the cancellation of the contract at the expiration of one year "provided 30 days notice in writing of the desire to terminate the same shall have been sent by registered mail by either party to the other before the expiration of 11 months after the date each machine is placed on rental."

The defendant, more than 30 days before expiration of 11 months before September 1, 1934, notified plaintiff of its desire to terminate said contract, including purchase order No. 572. This notice was received by plaintiff in due time. All rentals for all said property were paid by defendant up to September 2, 1934. No rental subsequent to that date was tendered by defendant, and none of the rented property was used by defendant after September 2, 1934. ·

Plaintiff contended that under said contract rental on each ·machine ·installed accrued from the date of installation thereof, and that defendant is indebted to plaintiff in the following amounts: $1,800, rental on the model 2 alphabetical tabulator for 7 and a fraction months; $60, rental on the automatic key punch for 4 months; $158.06, rental on· the M–20 Sorter for 4½ months; $158.06, rental on the alphabetical key punch for 4½ months.

Plaintiff contended that the contract of September 2, 1932, was plain and unambiguous, and that parol testimony was not permissible to contradict or vary its terms; that in the event there was an ambiguity in said contract, which they denied, the defendant, having failed to plead such ambiguity, was estopped from so contending; that the court had exceeded its discretion in allowing defendant to file two trial amendments setting up the various defenses on which it relied. They further contended that the court committed reversible error in admitting the testimony of Walter F. Burer, a representative of defendant, in reference to conversations with P. F. O'Deay, a representative of plaintiff, and one Lee Curtis, an attorney, as· to the legal effect and meaning of certain terms of said contract.

Defendant's contentions, briefly stated, are that since September 2, 1932 was the execution date of said contract, that date would be the installation date of the punches and sorter, the equipment installed prior to September 2, 1932, and would fix ·determination of the annual period of rental, and that any future anniversary date would be the date on which the contract could be · terminated, after giving notice of such intention not less than 30 days before· such anniversary date; that the anniversary date for termination purposes was September 2, and that defendant gave notice of its intention to terminate said contract on September 2, 1934, more than 30 days before that date, and tendered all of said leased property to plaintiff; that if order No. 572 was not a part of said

contract it could be terminated at any time after reasonable notice. A notice having been given, the contract made thereby ended on September 2, 1934, and no rentals thereafter accrued; that the words and terms of said contract were ambiguous and that the court properly found that the objects remaining subject to the two contracts were not placed on rental or installed prior to its date, September 2, 1932; that the tabulator covered by order No. 572 was not additional equipment, but was substituted for the removed tabulator, with the same effect as if placed on rental on September 2, 1932; that to permit the contract to terminate on different dates as to the several articles constituting the whole would be unreasonable, unjust, and injurious, while the construction given the contract by the court was just and fair to all parties.

The trial court in his conclusions found in effect that the contract dated September 2, 1932, and purchase order No. 572, were ambiguous in many of their terms. He found that the alphabetical tabulator referred to in said order No. 572 and installed on May 1, 1934, was not additional equipment but was equipment to be substituted for original equipment that had been installed prior to September 2, 1932, and would carry the same installation date as the original tabulator involved and referred to in the contract of September 2, 1932, and that such was the meaning intended by both parties to the contract; that the installation date of the property described in said contract was September 2, 1932; that it should take effect as from its date, and did not relate to any date prior to its date as the installation date of any part or parts of said machine; that the word "machine" appearing in said contract is ambiguous, and that the parties to the contract intended that the entire property described should constitute one unit, machine or battery; that both parties to the contract intended that the leased property and substitutes therefor should be terminated at the same date.

The court based its findings on the fact that "the use of all of the leased property together was necessary in order to obtain the effective and efficient use of said leased property, and that neither the automatic key punch, the alphabetical key punch, the sorter, nor the printing tabulator could be effectively or efficiently used alone and without the use at the same time of the other leased property"; that any other construction would be injurious and unreasonable, and that a hardship would result in the event the contract could not be terminated as to all of the equipment on the same date.

The main and practically the only question to be determined on this appeal is the termination date of the lease to the defendant of the various articles enumerated in the contract of September 2, 1932, and the alphabetical tabulator referred to in purchase order No. 572. To determine this question, however, it is necessary to ascertain the intention of the parties at the time of the execution of said contract, the facts and circumstances surrounding its execution, and the meaning intended by the parties of its various words, terms, and phrases.

While oral testimony is not generally admissible to contradict or vary the terms of a contract, plain and unambiguous in its terms, there is a rule, perfectly consistent with this rule, to the effect that written instruments, whether their terms be ambiguous or not, are to be interpreted according to their subject matter, and that oral testimony is admissible for the purpose of applying the contract to the subject matter, and in case of ambiguity then appearing to establish the facts and circumstances under which the agreement was made in order that the language thereof may be read in the light of the environment at the time the parties chose such language to express their intentions. First National Bank v. Rush, Tex.Com. App., 210 S.W. 521, 525; Lipscomb v. Fuqua, 103 Tex. 585, 131 S.W. 1061, 1064; Burns v. American Nat. Ins. Co., Tex.Com. App., 280 S.W. 762, 766; Colquitt v. Eureka Producing Co., Tex.Com.App., 63 S.W. 2d 1018, 1021; Gulf Production Co. v. Spear, 125 Tex. 530, 84 S.W.2d 452, 455; Reed v. Insurance Co., 95 U.S. 23, 24 L.Ed. 348.

In construing a contract the cardinal rule is to ascertain the intention of the parties. Their intention is to be ascertained from the words used in the contract, construed in the light of the facts and circumstances surrounding the parties at the time it was made, and not in the light of subsequent unforeseen facts and circumstances, and in the light of the purpose sought to be accomplished by the making of the contract. Hoffer Oil Corporation v. Hughes, Tex.Civ.App., 16 S.W.

732

2d 901; House v. Faulkner, 61 Tex. 308, 311; Astugueville v. Loustaunau, 61 Tex. 233, 237; May v. Southwestern Lumber Co., Tex.Civ.App., 278 S.W. 508; First National· Bank v. Shaw, Tex.Civ.App., 260 S.W. 309.

Whether the language of the contract is ambiguous or not, in ascertaining the intention of the parties, the surrounding facts and circumstances sought to be accomplished by its meaning should be considered. Hoffer Oil Corporation v. Hughes, Tex.Civ.App., 16 S.W.2d 901; Dublin Electric & Gas Co. v. Thompson, Tex.Civ.App., 166 S.W. 113; Reed v. Insurance Co., 95 U.S. 23, 24 L.Ed. 348; First National Bank v. Rush, Tex.Com. App., 210 S.W. 521, 525; 10 Tex.Jur., 291-2; Klueter v. Schlitz Brewing Co., 143 Wis. 347, 128 N.W. 43, 32 L.R.A., N.S., 383.

For the purpose of ascertaining the intentions of the parties and the facts and circumstances surrounding the execution of said contract, the testimony of Walter C. Burer was admissible. Burer was a representative of defendant Sugarland Industries and testified that both the contract of September 2, 1932, and purchase order No. 572 were executed under his direction; that prior to the execution of the contract of September 2, 1932, P. F. O'Deay, who represented the plaintiff in negotiating said contract, was present when Lee Curtis, an attorney for defendant, and with whom he, Burer, had discussed said contract, stated that in his opinion defendant was leasing a group of equipment and that if any other machine was substituted for the equipment specified in the contract the substituted machine would be bound by the terms of the contract, and that the said O'Deay concurred in this opinion. Burer further testified that at the time of the execution of purchase order No. 572 O'Deay, who had solicited the order from Burer, stated that the taking of the order for said tabulator did not tie defendant up on a 12 months' contract.

A court will not construe a contract so as to render it inequitable or oppressive to either party in its operation if such a construction can be avoided. Hoffer Oil Corporation v. Hughes, Tex.Civ. App., 16 S.W.2d 901; Magnolia Petroleum Co. v. Akin, Tex.Com.App., 11 S. W.2d 1113; Stone v. Robinson, Tex.Civ. App., 180 S.W. 135. Where the language

of a contract is doubtful or susceptible to two constructions, the court should adopt the construction which makes it fair, customary, and reasonable. Marathon Oil Co. v. Edwards, Tex.Civ.App., 96 S.W.2d 551. In this case, the court in his conclusions of fact found that the property involved in said contract constituted a unit or one machine, and that the use of all of the same together was necessary in order to obtain the effective and efficient use of said leased property; that the parties, by said contract, contemplated and meant that the property should be used as a unit and that if the contract was terminated as to any part of the said machine, and not as to others, defendant would have on hand parts of said machine which could not be used. The court further found that any other construction of said contract would be injurious, harsh, and unreasonable.

It has been uniformly held by our courts, that in the absence of fraud, accident or mistake, a contract, plain and unambiguous on its face, must be construed by the court as a matter of law. Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442; Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447; Graham's Estate v. Stewart, Tex.Civ.App., 15 S.W.2d 72. In this case, however, a jury having been waived and there being ample evidence in the record to support the findings of fact of the trial court, they have the same force and effect of a verdict of a jury as to the facts found, and must be accepted by this court. Cook v. Mann, Tex.Com.App., 40 S.W.2d 72; Leonard v. Torrance, Tex. Civ.App., 210 S.W. 295; 41 Tex.Jur., sec. 399.

Finding no error in the record, the judgment of the trial court should be affirmed.

Affirmed.

Opinion adopted by the Court.

On Motion for Rehearing.

After reconsideration, this court finds no substantial error in its former disposition, hence that will be adhered to. If it be true, as plaintiff in error contends, that by mistake or miscalculation judgment was rendered that plaintiff in error take nothing when $20.67 was due them, while the matter is de minimis here, the trial court may correct such miscalculation pursuant to R. S. Article 2229.

Motion for rehearing is refused.

Opinion adopted by the Court.