## MURPHY v. DILWORTH et al.

### No. 10525.

Court of Civil Appeals of Texas.
San Antonio.

May 10, 1939.

Rehearing Denied June 7, 1939.

House & Irvin, of San Antonio, for appellant.

Dilworth & Marshall, and Hull & Oliver, all of San Antonio, for appellees.

SMITH, Chief Justice.

On December 29, 1922, A. L. Dilworth owned a certain tract of land in McMullen and Duval Counties, upon which he gave an oil and gas lease in the usual form, to the Humble Oil & Refining Company, for a term of ten years, to expire on December 29, 1932, on which date it actually lapsed, to be succeeded by later leases in like form.

Under the terms of that lease Dilworth conveyed to the lessee seven-eighths of all the oil in place under the land, coupled with the right, and duty, to produce all the oil from thereunder, from which lessee was to retain the seven-eighths and deliver to Dilworth, free of cost to him, the remaining one-eighth when so produced.

During the term of said lease, on July 12, 1928, however, Dilworth executed his general warranty deed conveying said land to John E. Murphy, appellant herein, with the following reservation: "Grantors expressly reserve unto themselves for a period of fifteen years from the date hereof an undivided one-sixteenth interest and estate in and to all of the minerals of every character, including oil and gas, in and under and appurtenant to all of the above described property, and said undivided interest in said minerals is not intended in any wise to be conveyed hereby, but the same is hereby excepted from this conveyance; provided, however, that in the event both of the grantors herein should depart this life prior to the expiration of said fifteen years from date hereof, then this reservation shall be null and void and of no further force and effect, and the full title to said undivided interest shall then vest in said John E. Murphy, his heirs and assigns."

At the time Murphy accepted this deed, including the reservation, he knew of the restriction therein upon Dilworth's right of alienation of the mineral estates in the land, accepted the deed in the light of that restriction, and in accordance with the mutual intention, expressed in a parol agreement between the parties, that the estate reserved by Dilworth was a one-sixteenth royalty interest, and not an interest in the

minerals in place, as expressed in the conveyance.

This action was brought by Dilworth against Murphy to so construe, and give effect to, said reservation. Upon a trial without a jury the court below rendered judgment in accordance with Dilworth's contention. Murphy has appealed.

Appellee sought to establish the construction prayed for upon allegations that at the time the conveyance was executed and delivered the parties intended, and so agreed in parol, that Dilworth reserve one-half of the royalty interest retained by him in his lease to the Oil Company in 1922, and not a one-sixteenth of all the mineral in place under the land, as expressed in the conveyance; that at the time of the conveyance, and all the while thereafter until shortly before this suit was filed, the parties, and especially appellant, Murphy, consistently so construed said reservation, and acted at all times in accordance with that construction, wherefore, that intention and construction should be enforced by the courts. And, further, appellee contended below, and urges here, that by said construction and by his recognition of and acquiescence therein, and by his conduct and acceptance of all the numerous benefits and advantages over appellee accruing to him thereunder, appellant was estopped to now question or repudiate that construction.

■ The trial judge upheld these several contentions of appellee, and rendered judgment thereon. As he filed no specific findings of fact, and none were requested, this appeal must be determined upon the assumption that he found every fact essential to the judgment, and as none of the facts are challenged by appellant, we must further assume that they are supported by the evidence.

■ Upon that assumption it is perfectly apparent from the record that the parties to the deed intended that Dilworth should reserve an undivided one-half interest in the one-eighth royalty retained by him in the existing lease to the Humble Company, whereby, under the authorities, he would take a one-sixteenth of all oil afterwards found and produced from the premises, during the fifteen-year period prescribed in the reservation, without possibility of reverter to him upon termination of the then existing lease, and therefore without the right of participation in future bonuses or rentals derived by the grantee from the existing or any future lease. Thornton's Oil & Gas (3rd Ed.) §§ 252, et seq.; Thuss' Texas Oil & Gas, (2d Ed.) § 118; Summers Oil & Gas (Perm.Ed.) § 583.

■ There being no question of the intention of the parties, or of their own interpretation of the character of the estate reserved to appellee, or of the effect of the instrument to convey a different and distinct estate, from that intended, this appeal turns on appellee's contention that a court of equity has the power to so construe the instrument as to give effect to that intention and interpretation, as in case of a latent ambiguity arising from the peculiar situation of the parties or condition of the property affected by a conveyance. There is no occasion to enter upon a discussion of the meaning of latent ambiguity, which is sometimes described, with sound justification, as an "unprofitable sublety; inadequate and uninstructive," but defined by Lord Bacon as: "That which seemeth certain and without ambiguity for anything that appeareth upon the deed or instrument, but there is some collateral matter out of the deed that breedeth the ambiguity." Norris v. Hunt, 51 Tex. 609.

■ It is obvious from the language of the instrument in question here that it presents no ambiguity upon its face, for it purports, in plain terms, to convey a definite estate, well recognized in the law. It is elemental that, ordinarily, parol evidence would not be admitted, or given effect, to show that a different estate than that described was intended to be conveyed, except upon specific allegations, absent in this case, that the language employed was used through fraud, accident or mutual mistake.

■ But when an ambiguity arises from conditions affecting the parties or the properties conveyed, to prevent the application of the estate conveyed to that which the grantor is capable of conveying, and intended by the parties to be conveyed, parol evidence is admissible, and will be given effect, to enforce the true intention of the parties; or, in other words, parol testimony as to circumstances or conditions out of which a contract arises, may be considered in invoking a judicial construction of the instrument—not to vary or add to its terms, but to apply it to the subject upon which the parties agreed, in order to ascertain their true intentions, which should be given effect. Ryan v. Kent, Tex. Com.App., 36 S.W.2d 1007; First Nat. Bank v. Rush, Tex.Com.App., 210 S.W.

521; Guardian Trust Co. v. Bauereisen, Tex.Sup., 121 S.W.2d 579; Remington Rand v. Sugarland Industries, Tex.Civ. App., 122 S.W.2d 729; Pitts v. Camp County, 120 Tex. 558, 39 S.W.2d 608.

This conclusion settles the appeal, and other questions raised by appellant become immaterial.

The judgment is affirmed. ⋅