R. W. HAWES ET AL. v. HILTON LUMBER COMPANY.

(Filed 30 May, 1914.)

**Deeds and Conveyances — Description — Parol Evidence—Trials— Negligence—Evidence.**

In an action to recover damages of the defendant for negligently setting fire to and burning the timber lands of the plaintiff, it is held that the following general description is sufficient to admit of parol evidence of the identification of the lands, towit: "A certain tract or parcel of land in Rose Hill Township, Duplin County, adjoining the lands of this grantor, S. W., and others, and being on the south side of Maxwell and Beaver Dam creeks"; and it is further held that the evidence is sufficient of the defendant's negligence, under *Williams v. R. R.*, 140 N. C., 624.

APPEAL by defendant from *O. H. Allen, J.,* at December Term, 1913, of DUPLIN.

This is an action to recover damages for negligently setting fire to and burning the timber lands of the plaintiffs.

The description in the deeds under which the plaintiffs claim is as follows:

"A certain tract or parcel of land in Rose Hill Township, Duplin County, State of North Carolina, adjoining the lands of this grantor, Stokes Wells, and others, and being on the south side of Maxwell and Beaver Dam creeks, bounded as follows:

"Beginning at a stake on the run of Beaver Dam Creek, S. 4 W. 363 poles to a stake on Stoak Wells' line; thence S. 89 E. 122 poles to a stake; thence N. 4 E. 400 poles to a stake on

the run of Maxwell; thence up said run to the mouth of Beaver Dam; thence up the run of Beaver Dam to the beginning, containing 272 acres, more or less.

- "Subject to a timber lease we have given to the Hilton Lumber Company of Wilmington, N. C., expiring on 14 February, 1910."

The defendant objected to the introduction of the deed, upon the ground that it was void for vagueness of description.

W. B. Hawes testified: "I am the grantor in the deed to the plaintiffs, S. C. Murray, W. B. Hawes, and R. W. Hawes, and they are my children. I know the tracts of land read to me in the above deeds. These lands are bounded by William B. Wells, Maxwell and Beaver Dam creeks, and by the lands of Mrs. Sudie Carr and Stokes Wells, and I know the lines and boundaries of the plaintiffs' tract. Was present when it was surveyed. Maxwell and Beaver Dam is on one side, and on the other side there is a well-defined line of marked trees all the way around between the land of Mrs. Sudie Carr on the west and on the lands of Stokes Wells, and on the east by the lands of W. B. Wells, and on the north by Maxwell and Beaver Dam creeks. The lines were well marked spruce pines and trees all around it to the edge of the bay. I have known these lines and marked trees to the boundaries of this land since 1878. I have worked on it and chipped turpentine and got lightwood off of it ever since the year 1878, and I cleared a part of the tract and worked it nineteen years, except when I rented it out."

Rufus Carr testified: "At the time of the fire, I lived about 300 yards from where the fire started. The Hilton railroad passed right near our house. I was in the field at work when the engine passed going towards the skidder, and it passed on by the point where the fire was afterwards found to be, and I went on to the skidder. In about 15 minutes I heard the engine go back towards the smoke and blow three long blows, and I saw the fire and started. When I got there it was burning right close up to the railroad track. There were only two or three fellows there when I first arrived—the engineer and two colored

men who worked on the engine. The engineer and his help were dipping water out of the tank of his engine and pouring it on the fire. They did not succeed in putting it out. The fire caught on the lands of Mrs. Sudie Carr and went southeast onto the lands of the plaintiffs. The right of way had straw on it and some pine tops right near the railroad where the fire caught, and the pine straw and pine tops were burning when I got there. It was dry and the wind was blowing from the northwest. The railroad at this point runs east. There was no fire or smoke in the woods before the engine went up there."

*Stevens & Beasley for plaintiff.*
*H. D. Williams and E. K. Bryan for defendant.*

ALLEN, J. The defendant relies upon two exceptions: (1) That the deeds under which the plaintiffs claim are void for insufficiency of description. (2) That there is no evidence of negligence.

The location of the land by the particular description contained in the deed is difficult, if not impossible, because the only fixed and defined corner is the mouth of Beaver Dam, and if you undertake to reverse the lines from that corner down the run of Maxwell, you do not know where to stop, as the length of the line on Maxwell is not given and the terminus is a stake.

We can, however, discard this part of the deed, and the general description of "a certain tract or parcel of land in Rose Hill Township, Duplin County, adjoining the lands of this grantor, Stokes Wells, and others, and being on the south side of Maxwell and Beaver Dam creeks," is sufficient to sustain the deed. *Farmer v. Batts,* 83 N. C., 387; *Perry v. Scott,* 109 N. C., 374.

In the last case it was held that "A description of land in a deed as 'lying and being in the county of Jones and bounded as follows, towit: On the south side of Trent River, adjoining the lands of Colgrove, McDaniel, and others, containing 360 acres, more or less,' is not so vague and indefinite as to render the conveyance void, but may be aided by parol evidence."

The evidence as to the origin of the fire, and as to the foul condition of the right of way, was fully as strong as in *Williams*

*v. R. R.,* 140 N. C., 624, in which it was held sufficient to sustain a verdict against the defendant establishing negligence and liability. We find

No error.