GULF PRODUCTION COMPANY ET AL. V. ANGUS SPEAR ET AL.

No. 6853. Decided June 19, 1935.
Rehearing overruled July 10, 1935.
(84 S. W., 2d Series, 452.)

*Chas. L. Brachfield,* of Henderson, *Angus Wynne,* of Long-view, and *Black & Graves* and *Chas. L. Black,* all of Austin, and *John E. Green, Jr.,* and *David Proctor,* of Houston, for plaintiff in .error.

The express provision made a part of the lease, to the effect that the parties *intended* that the lease should "include all lands -owned· or claimed by lessor in said survey," is effective, as a matter of law, to make the lease·include the 1.81 acres in con-

troversy which was a part of the survey and was owned and claimed by Spear, the lessor, and was under fence along with the land described by metes and bounds as a single tract. Lauchheimer v. Saunders, 65 S. W., 501; Smith v. Westfall, 76 Texas, 509; City of Ranger v. Hagaman, 4 S. W. (2d) 597; Blackwell v. Coleman County, 94 Texas, 216; Cornett v. Creech, 100 S. W., 1188; Boone v. Clark, 129 Ill., 466, 21 N. E., 850.

*W. Edward Lee* and *Lee, Porter & Latham,* all of Longview, and *Dudley, Hyde, Duvall & Dudley,* of Oklahoma City, Okla., for defendants in error.

The intention of the grantor must be ascertained from the language used, from what the grantor actually said, and not what he may have meant to say, and parol evidence is not admissible to make deeds operate upon land not embraced in the descriptive words. Buie v. Miller, 216 S. W., 630; Woods v. Selby Oil & Gas Co., 2 S. W. (2d) 895; 7 Texas Jur., 126.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

This case is similar to Sun Oil Company v. Burns et al., No. 1569-6692 (post 549), and Sun Oil Company v. Bennett et al., No. 1571-6875 (post 540), both decided June 5, 1935, in that the pricipal question is whether a small tract of land, 1.81 acres, was included in an oil and gas lease executed by defendants in error Angus Spear and wife to plaintiff in error Devonian Oil Company. Defendants in error other than Spear and wife claim the oil and gas leasehold estate under a lease subsequently executed by the same lessors. Judgment of trial court in favor of defendants in error following an instructed verdict was affirmed by the Court of Civil Appeals, 76 S. W. (2d) 558.

The oil and gas lease to Devonian Oil Company executed September 12, 1930, on a printed form, contains attached to the lease in the blank space left for description typewritten descriptions by metes and bounds of five separate tracts of land, one of the tracts being thus described:

"A part of the S. P. Hollingsworth Survey; Beginning at the Southwest corner of the original survey; Thence North with west boundary of same 160 yards, a corner; Thence East 181 yards a corner; Thence South - - - E. 160 yards to the S. B. line of original survey, the same being the North boundary of the Mary Vanwinkle headright survey; Thence West with the S. B. line of the original Survey 193 yards to the place of beginning, containing six (6) acres of land."

Immediately after the dscriptions of the five separate tracts the lease contains as a part of the printed form the following: "it being the intention to include all land owned or claimed by Lessor in said survey or surveys."

It is to be observed that the description by metes and bounds is defective or incomplete, in that the course of the east line is not given. This line is described as running "South - - - E.," indicating that the line runs east of south, but that the true course is not known. According to the testimony of engineers the course of this line may be determined by reversing the call for the last or south line and connecting the eastern terminus of that line with the northeast corner. The course of the east line when so constructed is north 4° 8′ west. The tract of 1.81 acres in controversy is triangular in shape, having for its west line for a distance of 417.1 feet the east line of the tract described in the lease by metes and bounds, when that line is constructed as above indicated, for its south line a fence along a road, and for its hypotenuse or northeast line a fence running along an old road on varying courses in a southeasterly direction. Both the tract described by metes and bounds and the triangular tract in controversy are in the S. P. Hollingsworth survey, and at the time the lease to Devonian Oil Company was executed, the tract in controversy was possessed and claimed by the lessor.

The contention of defendants in error, which was sustained by the Court of Civil Appeals, is that the particular description by metes and bounds appearing in the lease to Devonian Oil Company and hereinbefore set out defines clearly and without uncertainty or ambiguity the land intended to be leased, and that the added words "it being the intention to include all land owned or claimed by lessor in said survey or surveys" are words of further description, general in their nature, referable to the same land as that particularly described, and therefore cannot control or affect the particular description.

Plaintiffs in error contend: First, that the field note call "South - - - E." as the course of the east line of the tract described by metes and bounds, means as a matter of law southeast, that is, south 45 east; second, that the expressly declared intention of the parties that the lease shall include all the land owned or claimed by the lessor in the survey must be given effect and that therefore the lease includes not only the land described by metes and bounds, but also the remainder of the same tract, the 1.81 acres in controversy, which the lessor admittedly either owned or claimed; third, that the insufficiency or uncertainty

in the description by metes and bounds existing on account of the omission of the course of the east line may be aided or corrected both by the statement in the lease of the intention to include all land owned by the lessor in the survey, and by the facts and circumstances surrounding the parties at the execution of the instrument, and that from all of these the intention of the parties to include in the lease the disputed tract clearly appears; fourth, that if the lease does not cover the land in controversy, then its failure to cover it resulted from mutual mistake.

1 As to plaintiffs in error's first contention, it is our opinion, hereinbefore indicated, that the call "South - - - E." is not meant to describe the course of the east line of the tract as south 45 east, but rather reflects uncertainty on the part of the draftsman as to the true course. He apparently knew that the line ran east of south, but did not know the extent of its variation. The three dashes clearly appear to be used to show the omission of the number of the degrees by which the line varies from south toward the east. Elsewhere in the typewritten descriptions of the five tracts southeast is written "S. E."

2 The second contention of plaintiffs in error involves the consideration and application of the rules with respect to particular and general descriptions discussed in Sun Oil Company v. Burns et al. and Sun Oil Company v. Bennett et al., supra. The words in the lease in the instant case stating the intention of the lessor with respect to the land included in the lease do not as plainly disclose a purpose on the part of the lessor to enlarge the description as does the language used in the leases in those cases. There the added clause stated in so many words that the lessor intended to include within the terms of the lease "not only" the land particularly described "but also" all other land owned or claimed in the same survey or surveys. Here the additional phrase states merely the intention to include all land owned or claimed by the lessor in the survey or surveys. It is forcefully argued that the words here used do not necessarily or manifestly have an enlarging effect, but that they have reference to the same land as that particularly described, and amount to nothing more than a statement that the land which has been described is all of the land owned or claimed by the lessor in the survey. On the other hand, the language used in the provision is reasonably subject to the construction that it does not undertake merely to describe in general terms the same subject matter as that covered by the field note descrip-

tion, but rather states the intention that the lease, at all events and regardless of the sufficiency or insufficiency of the detailed description, shall be effective to include all land owned by the lessor in the Hollingsworth survey.

It becomes unnecessary to undertake to solve the problem thus presented as to the proper classification of the phrase under consideration, whether as additional description or as a controlling statement of intention, because we are convinced of the correctness of the third position urged by plaintiffs in error. If the phrase stating the intention to include in the lease all land owned or claimed by the lessor in the survey is treated as a matter of general description, it may under a well-settled rule of construction be used to aid or correct the incomplete or defective particular description. Cullers v. Platt, 81 Texas, 258, 264, 16 S. W., 1003; Sanger Bros. v. Roberts, 92 Texas, 312, 317, 48 S. W., 1; Note 72 A. L. R., p. 423-4; Cornett v. Creech (Ky.), 100 S. W., 1188; Hawse v. Hilton Lumber Co., 166 N. C., 101, 81 S. E., 993.

3 It is also true that when an instrument does not by its terms clearly and plainly describe the land affected, or is phrased in language susceptible of more than one construction, the intention of the parties is to be ascertained, not solely from the words of the instrument, but from its language when read in the light of the circumstances surrounding the transaction. Colquitt v. Eureka Producing Co. (Com. App.), 63 S. W. (2d) 1018; Ryan v. Kent (Com. App.), 36 S. W. (2d) 1007; Lipscomb v. Fuqua, 103 Texas, 589, 131 S. W., 1061; Reed v. Merchants' Mutual Ins. Co., 95 U. S., 23, 24 L. ed., 348; Wigmore on Evidence (2nd ed.), sec. 2470.

The description by metes and bounds in the lease to plaintiff in error Devonian Oil Company is both incomplete and incorrect. It fails to give the course of the east line of the tract, and obviously states incorrectly the length of that line. The line would be 160 yards in length if it ran due south, but it is necessarily longer to an unknown extent because it is described as running east of south, with no designation of the measure of the variation toward the east. When the clause expressing the lessor's intention to include in the lease all land owned or claimed by him in the Hollingsworth survey is called to the assistance of the particular description, and given its full meaning, thus fixing the east line of the tract in controversy as the east line of the land covered by the lease, the defects in the metes and bounds are cured, the description of the land leased

is gathered from the entire instrument, and effect is given to the positively stated declaration of the lessor's intention.

Defendants in error take the position that resort to words of general description is not warranted because the defective description of the east line may be cured and the location of that line fixed by reversing the field note calls, and that in the use of this process the particular description is or becomes sufficient and correct in itself. The reversal of calls is but another rule of construction. It may be used to correct the defect, but it does not destroy or eliminate it. It is of no greater dignity or controlling effect than the rule that a general description must be called to aid a doubtful or defective partitcular description. Both rules serve the same purpose, to discover the real intention. But any doubt that may exist on account of possible conflicting results in the application of these two rules disappears when the lease is interpreted in the light of the circumstances existing at the time of its execution.

4   The Hollingsworth survey was at one time owned by Phillip Barton, his mother, brothers and sisters. They sold a small tract out of the southwest corner to one Wynne, and thereafter sold the balance of the survey to Goodwin and Andrews. Wynne sold the small tract to Fritz Swanson, who in turn sold it to defendant in error Angus Spear. Both the deed from the Bartons to Wynne and the deed from Wynne to Swanson purport to convey 6 acres out of the Hollingsworth survey, and in both deeds the dscriptions are imperfect and incomplete. The description in the deed by which Swanson conveyed the tract in the Hollingsworth survey to defendant in error Spear is the same as the particular description contained in the lease to plaintiff in error Devonian Oil Company.

Swanson owned and resided upon the land in the Hollingsworth survey from 1904, when it was conveyed to him by Wynne, until he sold and conveyed it to defendant in error Spear in 1921. He testified that while he owned and resided upon the land its northeast boundary was marked by the same old road that marks the northeast boundary of the land in controversy, and that during his ownership and possession neither the Bartons nor Andrews and Goodwin ever claimed any land lying west and south of that old road. The residence occupied by Swanson and later used by defendant in error Spear for his tenants is so situated that the east line of the 6 acres as   constructed by defendants in error runs through the house, and the barn and corrals owned and used by Swanson in connection

with the residence were situated at about the center of the tract in controversy.

Defendant in error Spear testified that he acquired the tract out of the southwest corner of the Hollingsworth survey from Fritz Swanson, that he understood Swanson was selling to him all that he had there, that the land was under fence in one enclosure, the 1.81 acres in controversy being part of the tract that he acquired from Swanson, that the northeast boundary of the tract was along the old road, that the residence and barn which had been used by Swanson were on the land when he bought it, he later tearing down the barn, that he went into possession of the entire tract and possessed and claimed it, with the fence along the old road marking the northeast boundary, and that neither the Bartons nor Andrews and Goodwin ever asserted any claim to any of the land within his enclosure.

It thus appears that the 7.81 acres of land out of the southwest corner of the Hollingsworth survey, including the 1.81 acres in controversy, all in one enclosure, acquired an identity as one tract of land, and had and maintained that identity during its ownership by Swanson, in its sale by Swanson to Spear, and throughout its ownership by Spear to and including the time when it was leased to Devonian Oil Company.

When interrogated particularly about the transaction in which he leased the land to Devonian Oil Company, defendant in error Spear testified that the total number of acres called for in the lease was 285, and the agreed price for the lease $2.50 per acre, the land at that time being wildcat territory, that he intended to lease the entire tract that he had acquired from Swanson, not knowing that it contained excessive acreage, and that his deed from Swanson was used to procure the description for the lease. He gave an unqualified affirmative answer to the question: "You were intending to lease him the whole tract of land?" He further testified that he thought the land in controversy was covered by the lease he made to Devonian Oil Company until Mr. Houston came to him sometime during the next year and told him that the lease did not cover the land and asked him "to let him work up the excess on it." He testified that until Mr. Houston came to him he believed his deed from Swanson covered all the land that he owned, and that he did not know he had an excess, and that he thought he had leased 6 acres to Devonian Oil Company and had been paid for that acreage. His agreement with Houston was that he should receive for the subsequent lease covering 3 acres $7500 to be paid in oil.

Undisputed evidence in the record shows that on account of shortage in the acreage of some of the five tracts in Spear's lease to Devonian Oil Company the number of acres actually included in the lease was 279 instead of 285 as called for and used in computing the consideration paid Spear for the lease.

It is apparent from the foregoing evidence, which is undisputed, that Spear owned, possessed and claimed in one enclosure one tract of land containing 7.81 acres in the Hollingsworth survey, that the deed through which he had acquired the tract described it as containing 6 acres, that he did not know there was excessive acreage within the tract, that he intended and agreed to lease the entire tract to Devonian Oil Company, that he and the representative of the lessee used the deed through which Spear had acquired the land for the purpose of writing into the lease a description of the tract, and that he not only intended to lease all of his land in the Hollingsworth survey to Devonian Oil Company, but believed he had done so until he was approached by Houston, who was seeking to "work up" an excess.

The intention thus clearly shown by the testimony of the lessor himself as to the circumstances surrounding the execution of the lease is in no respect different from that disclosed by the terms of the instrument. The testimony does not vary the language of the lease declaring the intention of the lessor; it clarifies and emphasizes.

We conclude that it unmistakably appears from the language of the lease, interpreted in the light of the surrounding circumstances proven by undisputed evidence, that defendants in error Spear and wife intended to lease to Devonian Oil Company the entire tract owned and claimed by them in the Hollingsworth survey, including the land in controversy. When the lease is thus interpreted, the alternative prayer of plaintiffs in error for reformation on account of mutual mistake is not reached.

5 There is no merit in the plea of defendants in error that they are innocent purchasers for value of various interests under the lease to Houston, without notice of any rights or claims existing in plaintiffs in error to the leasehold estate. The lease to Devonian Oil Company which was filed for record long before the execution of the lease to Houston gave notice of the intention of the parties to include in it all land owned or claimed by the lessor in the Hollinsworth survey. This statement of the lessor's intention and the incomplete and incorrect description of the east line of the tract described by metes and

bounds were enough to put subsequent purchasers upon inquiry as to the land intended to be leased. Carter v. Hawkins, 62 Texas, 393.

6   Plaintiffs in error ask for rendition of judgment in their favor for the value of oil produced up to January 1, 1933, from a well which certain of defendants in error, claiming under the lease to Houston, drilled upon the land in controversy. They take the position that they are entitled to the value of the oil taken as shown by the undisputed evidence, without deduction for expenditures made in drilling, equipping and operating the well, because there are no sufficient allegations of good faith in the making of the expenditures and because the uncontradicted evidence shows a want of good faith. While the pleadings of defendants in error do not allege good faith with particularity, we think that the pleadings taken as a whole and the evidence offered were sufficient to present and raise the issue.

The question of the good faith of defendants in error in entering upon the land and developing it is in this case, as it usually is, one of fact. Holstein v. Adams, 72 Texas, 485, 490, 10 S. W., 560; Pomeroy v. Pearce (Com. App.), 2 S. W. (2d) 431; 12 Texas Law Review, pp. 210, 218. This question was not submitted to the jury or determined in the trial court, because the court peremptorily instructed the jury to return a verdict for defendants in error. Since the amount, if any, that plaintiffs in error may be entitled to recover for oil taken from the land canot be determined without the ascertainment of credits to be allowed on account of expenditures made in its production, and since the right to credits or deductions depends upon the existence of good faith, it is necessary to remand the case for trial of the cross-action for damages on account of the taking of oil from the land.

It should be added that the ruling herein made to the effect that Houston's assignees did not become innocent purchasers for value of the leasehold estate is not decisive of the question of good faith in the entry upon the land and its development for oil. One may be a possessor in good faith and yet not the owner of the better title and not an innocent purchaser for value. Dorn v. Dunham, 24 Texas, 366, 379-380.

7   Because of the probability of amended pleadings and additional evidence on another trial of the cross-action for damages, we do not undertake to prescribe a test for the determination of the existence or the want of good faith on the part of

540

defendants in error in entering upon the land and producing oil. Good faith under one state of facts would not be good faith under a slightly different state of facts. In general, it may be said that to act in good faith in developing a tract of land for oil or gas one must have both an honest and a reasonable belief in the superiority of his title. Elaboration of the general rule and its application to various states of facts may be found in the following authorities: Bender v. Brooks, 103 Texas, 329, 127 S. W., 168; Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co., 106 Texas, 94, 157 S. W., 737; Taylor v. Higgins Oil & Fuel Co., 2 S. W. (2d) 288; Stroud v. Guffey, 3 S. W. (2d) 592 (affirmed, 16 S. W. (2d) 527); Houston Production Co. v. Mecom Oil Co. (Com. App.), 62 S. W. (2d) 75; 31 Tex. Jur., sec. 16, pp. 531-534; Summers' Oil and Gas, sec. 9, pp. 24-31; Thornton's Oil and Gas, (5th Ed.) sec. 59, vol. 1, pp. 100-105; 12 Tex. Law Review, pp. 210 and following.

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment is here rendered in favor of plaintiffs in error Gulf Production Company and Devonian Oil Company against all defendants in error, including cross-defendants in error Blunt and Ellis, for the title and possession of the oil, gas and other mineral leasehold estate in the tract of land in controversy, and for the title and possession of the oil, gas and other minerals in and under said land subject to the terms and conditions of the oil and gas lease executed by Angus Spear and Winnie Spear to Devonian Oil Company of date September 12, 1930, and the tract of land in controversy herein is hereby adjudged to be a part of the land included in said oil and gas lease. The cause is remanded to the district court of Gregg County for the trial of plaintiffs in error's cross-action for damages on account of oil taken.

Opinion adopted by Supreme Court June 19, 1935.
Rehearing overruled July 10, 1935.