**THOMAS et al. v. TEXAS OSAGE CO-OP.
ROYALTY POOL, Inc., et al.**

No. 2914.

Court of Civil Appeals of Texas. Eastland.

March 28, 1952.

Rehearing Denied April 25, 1952.

C. O. McMillan, Sam M. Russell, Stephenville, for appellants.

R. L. House and House, Mercer & House, all of San Antonio, for appellees.

LONG, Justice.

E. E. Thomas and R. A. McKnight and wife, Mildred McKnight, instituted this suit against Texas Osage Co-Operative Royalty Pool, Incorporated, and Flagg Oil Corporation of Delaware, to declare null and void two certain mineral deeds and remove cloud from plaintiffs' title and, in the alternative, to declare that the deeds conveyed only an interest in lands specifically described therein and to remove cloud on the title to the other lands owned by the plaintiffs and not described in such deeds. The court sustained exceptions to plaintiffs' petition and dismissed the suit. From this judgment plaintiffs have appealed.

Appellants alleged that M. I. Thomas, during his lifetime, owned a total of 434.75 acres of land in Erath County; that M. I. Thomas died intestate April 8, 1931, leaving as survivors plaintiff E. E. Thomas, and two other children, who thereafter conveyed to E. E. Thomas their interest in said land; that E. E. Thomas owns all of said 434.75 acres of land save and except 83.2 acres which had theretofore been conveyed by M. I. Thomas to appellants, R. A. McKnight and wife, Mildred McKnight; that on February 11, 1930, M. I. Thomas executed a deed covering a one-half interest in the oil, gas and other minerals in and under the lands described therein and on February 17, 1930, he executed a similar deed conveying an undivided one-half interest in the oil, gas and other minerals in and under lands described therein to the trustees for Texas Osage Co-Operative Royalty Pool, Incorporated, and to Flagg Oil Company of Texas; that defendant, Texas Co-Operative Royalty Pool is the successor to Texas Osage Co-Operative Royalty Pool and Flagg Oil Corporation of Delaware is the successor of Flagg Oil Company of Texas; that the tract of land containing 83½ acres owned by R. A. and Mildred McKnight was not described and not contained in the tracts of land specifically described in either of the above mentioned deeds but that the first deed mentioned contained the following language:

"It being mutually understood and agreed that this conveyance is to cover all lands now owned by the grantors in the above stipulated surveys whether herein properly described or not and containing 276½ acres of land more or less."

The second deed above mentioned contained the following language:

"It being mutually understood and agreed that this conveyance is to cover all lands now owned by the grantors in the above stipulated surveys whether herein properly described or not and containing 83½ acres of land, more or less."

The two deeds are attached to plaintiffs' petition and the first deed contains,

in addition to the language quoted above, the following:

"Again I repeat, that all of these several tracts in this deed contains 276½ acres, more or less."

The second deed contains the following language: "Containing 83½ acres more or less." The total acreage of the land described in the first deed was only 187.2 acres. Appellants further allege that the second deed covering 83½ acres was made for the purpose of correcting the conveyance first made in an effort to add to the land described in the first deed a sufficient amount of land to equal 276½ acres; that it was never intended by the parties to include the lands now owned by the plaintiffs, R. A. McKnight and Mildred McKnight; that the tracts numbers 2, 3 and 5 in the deed marked Exhibit A are not sufficiently described and such deed is void, insofar as such tracts are concerned, under the statute of frauds, Vernon's Ann. Civ.St. art. 1288 et seq.; that at the time of the execution of the first deeds, M. I. Thomas was then of unsound mind and did not have sufficient mental capacity to understand the nature and consequence of his acts and that such deeds were without consideration and void; that appellants and those under whom they claim have been in possession of the land at all times since the execution of the two mentioned deeds and that there has been no production of oil, gas or other minerals from said land nor any drilling or mining operations conducted thereon. Appellants prayed that such deeds be declared void and of no force and effect and, in the alternative, that the court construe such deeds and find that they conveyed only the interest in lands specifically described therein and that the cloud cast upon the title to the remaining lands owned by E. E. Thomas or R. A. McKnight and wife, be removed.

█ Appellees levelled ten exceptions to appellants' petition and the court sustained each of such exceptions and dismissed the suit. The first exception filed by appellees says that appellants' petition shows on its face that if all the facts stated therein were true and correct, the same would still not state a cause of action. The other exceptions urged that appellants' cause of action is barred by the four years' statute of limitation. Vernon's Ann.Civ.St. art. 5529. We have concluded that the cause of action alleged by appellants, insofar as it seeks to cancel the two deeds, is barred by limitation. The deeds were executed in 1930. The grantors therein, M. I. Thomas and wife, have been dead for many years. The trial court was correct in holding that the portion of the petition which alleged that M. I. Thomas was of unsound mind at the time he executed the deeds in question was barred by limitation. This is also true insofar as the petition sought to reform and correct the deeds on the ground of mutual mistake. A case directly in point and controlling on these questions is Neill v. Pure Oil Co., Tex.Civ.App., 101 S.W.2d 402, Writ Ref.

We are of the opinion the court erred in dismissing this case. It is our belief that the petition states a cause of action for a construction of the two deeds and a finding by the trial court of what land was intended by the parties to be conveyed by the description of the two deeds. The first deed which is attached to appellants' petition and marked Exhibit A describes by metes and bounds eight separate tracts of land. The first tract is described as "a part of the original Josiah Allen Survey of 320 acres, Patent No. 341, dated December 20, 1847; the part herein conveyed described as follows:" There follows a description of this tract by metes and bounds. The other tracts in the deed are also described by metes and bounds. After the description of the sixth tract in the deed there is this provision:

"The several tracts in this deed added together represent 276½ acres, more or less."

Following the above provision, tracts numbered 7 and 8 are described by metes and bounds. At the conclusion of the description of tract No. 8 there is this provision.

" * * * again I repeat that all of these several tracts in this deed contains 276½ acres, more or less, it being understood mutually and agreed that

this conveyance is to cover all lands now owned by the grantors in the above stipulated surveys, whether herein properly described or not, and containing 276½ acres, more or less, * * *."

The deed describes land in several different surveys. The first tract described is the Josiah Allen Survey. The land owned by R. A. McKnight and wife is located in the Josiah Allen Survey. It is alleged in appellants' petition that the McKnight land is not described in the deed.

Appellants attached to their pleading a map of the land owned by M. I. Thomas. The map discloses that the McKnight land is not included within the boundaries of the land described in the first deed. Appellees contend that even though the McKnight land is not described in the deed that the description therein is sufficient to take out of the grantors one-half of the oil, gas and other minerals and place same in the grantees. It is their contention that the deed upon its face shows that it was intended by the parties for the description to cover not only the land described by metes and bounds but also all land owned by the grantors in the surveys mentioned in the deed. If the position taken by appellees is correct, then the court properly sustained the exceptions to appellants' petition and the judgment dismissing the case should be sustained.

■ As heretofore stated, after describing the eight tracts by metes and bounds, the deed provides that the conveyance is to cover all lands now owned by grantors in the above stipulated surveys whether herein "properly" described or not, "containing 276½ acres, more or less." The grantors did not say that they intended to convey all the lands in the mentioned surveys, whether described therein or not, but said whether "properly" described therein or not. To our minds this means that the land intended to be conveyed had been attempted to be described. The McKnight tract was not described, properly or otherwise. If the grantee had said all land in the mentioned survey or surveys whether described therein or not, it would be more plausible to say that the clause was inserted in the deed to enlarge the particular de-

scription therein. The language used in our opinion, does not enlarge the grant but refers to the land described by metes and bounds. In other words, the general description has reference to the lands described or attempted to be described by metes and bounds. The rule is that a particular description in a deed does not override a general description of the land where it appears that the property covered by the words of particular description is not the whole of the property intended to be conveyed and that the words of general description are intended to have an enlarging effect. 41 Tex.Jur., 1040. Where a general and a particular description refer to the same land and the two cannot be reconciled, the particular description controls the general one.

It will be noted that the first tract in the deed described the land as being a part of the original Josiah Allen Survey but contains the further provisions that "the part herein conveyed described as follows," then the land conveyed out of the Josiah Allen Survey was described by metes and bounds.

Appellees rely upon Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442; Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447 and Gulf Production Co. v. Spear, 125 Tex. 530, 84 S.W.2d 452. In the Burns and Bennett cases the court had under consideration oil and gas leases. The land covered in each of the leases was described by metes and bounds but immediately following such description this clause was inserted:

"It being the intention, however, of lessor to include within the terms of this lease not only the above described land, but also any and all other land owned or claimed by lessor in said survey or surveys in which the above described land is situated or in adjoining surveys and adjoining the above described land." [125 Tex. 549, 84 S.W. 2d 443.]

■ The court held that the language used showed that the lessor intended to include all other lands owned by him in the same or adjoining surveys that joined the land specifically described; that the language used in the lease needed no construc-

tion; that it was not fairly susceptible of more than one interpretation; that the language declared in plain and unmistakable terms the intention of the grantor to include within the lease not only the land particularly described but also any other land owned or claimed by the lessor in the same survey or in adjoining surveys which adjoined the land particularly described; that in view of the use of the words "not only" and "but also" that it would be a perversion of the plain meaning of the simple and expressive language to say that it evidences an intention to grant and lease only the land described by metes and bounds. However, in the Spear case, the same court held that the lease in that case stating the intention of the lessor with respect to the land included in the lease did not as plainly disclose a purpose on the part of the lessor to enlarge the description as the language did in the Burns and Bennett case. The added clause in the Spear case stated merely the intention to include all land owned or claimed by the lessor in the survey or surveys. It was argued in the Spear case that the words there used do not necessarily or manifestly have an enlarging effect but they have reference to the same land as that particularly described and amount to nothing more than a statement that the land which had been described is all of the land owned or claimed by the lessor in the survey. The court did not pass upon this contention but based its decision upon a construction of the lease, ascertained from the facts and circumstances surrounding its execution. The law is well settled that when an instrument does not by its terms clearly and plainly describe the land affected or is phrased in language susceptible of more than one construction, the intention of the parties is to be ascertained not solely from the words of the instrument but from its language when read in the light of the circumstances surrounding the transaction. Gulf Production Co. v. Spear, supra; Colquitt v. Eureka Producing Co., Tex.Com.App., 63 S.W.2d 1018; Ryan v. Kent, Tex.Com.App., 36 S.W.2d 1007; Lipscomb v. Fuqua, 103 Tex. 585, 131 S.W. 1061. It is our opinion that the language used in the first deed involved in this case is ambiguous and is susceptible of more than one construction. The grantors in this deed in two places therein stated that the eight surveys when added together contained 276½ acres of land, more or less, and then state that the conveyance is intended to cover all land owned by them in the stipulated survey or surveys. At that time the grantors owned 434.75 acres of land in these surveys. It is not at all clear to our minds from reading this description that the grantors intended to convey one-half of the minerals in 434.75 acres of land when the description in the deed in two places specifically says that the eight tracts of land when added together contain 276½ acres of land. To uphold appellees' contention and sustain the judgment is to hold, in effect, that the provision relative to a conveyance of all the land owned by the grantors in the surveys means, as a matter of law, that the grantors intended to convey 434.75 acres of land despite the fact that in the same sentence the grantors specifically said that the tracts they were conveying only included 276½ acres, more or less. This would be giving a conclusive effect to an indefinite and uncertain statement relative to a conveyance of all land in the surveys and would be wholly ignoring the latter provision. It is not clear that it was the intentions of grantors to convey not only the land described by metes and bounds, but all of the land owned by them in the surveys mentioned. To our minds, the deed is susceptible to the construction that the grantors only intended to convey the land described or attempted to be described by metes and bounds. Where there is ambiguity in the deed, the court may consider extrinsic facts and circumstances in aid of the description thereof. This rule may be invoked when uncertainty of the land intended to be conveyed appears on the face of the deed or when an effort to apply the description to the ground gives rise to ambiguity. McKee v. Stewart, 139 Tex. 260, 162 S.W.2d 948; Humble Oil & Refining Co. v. Ellison, 134 Tex. 140, 132 S.W.2d 395.

Appellants allege that even though the deed provides that the land conveyed contains 276½ acres, that in truth and in fact it only contains 187 acres. How they arrived at this construction is not shown.

It may be that the land was surveyed and an attempt was made to apply the description on the ground. We believe that under the allegations that it was not the intention of the parties for the deed to cover the McKnight land extrinsic evidence was admissible to show the true intention of the parties so that the court might determine from all the facts and circumstances and from the description in the deed what land was intended to be conveyed thereby. Furthermore, appellants allege that the second deed which is marked Exhibit B and attached to appellants' petition, was given as a correction deed in an effort to correct the description and cause the deed to cover 276½ acres instead of 187½ acres. We must take this allegation as true. In the second deed the McKnight land was not included in the particular description. If it is covered at all it is by reason of the general description placed therein. In the second deed the property is described as a part of the Josiah Allen Survey and described by metes and bounds as containing 83½ acres, more or less. This deed contains the provision, "* * * it being mutually understood and agreed that this conveyance is to cover all lands now owned by the grantors in the above stipulated surveys whether herein properly described or not and containing 83½ acres more or less." There the grantor and the grantee had an opportunity to again describe the McKnight tract by metes and bounds. This was not done and is a strong circumstance tending to show that it was not the intention of the parties that the McKnight land be conveyed by the deed. The parties, in failing to describe the McKnight land by metes and bounds, in the second deed, placed their construction upon the first deed.

This construction may be considered by the court in construing the deeds and determining the land intended to be covered by the description. Clark v. Regan, Tex. Civ.App., 45 S.W. 169, Writ Ref.

The second deed describes 83½ acres of land in the Josiah Allen Survey by metes and bounds. The description insofar as we have been able to determine is not defective or doubtful but clear. The Mc-Knight land is a separate tract containing 83½ acres situated in the same survey and adjacent to the tract described in the second deed. It is the contention of appellees that the general description in the second deed, to-wit:

"It being mutually understood and agreed that this conveyance is to cover all lands now owned by the grantors in the above stipulated surveys whether herein properly described or not and containing 83½ acres of land, more or less,"

covers the McKnight land and that it was the intention of the parties to convey an interest in the minerals under said land. We cannot hold that this is true as a matter of law. What has been said about the description in the first deed applies with equal force to this description. Furthermore, it is the rule that:

"A general description may be looked to in aid of a particular description that is defective or doubtful but not to control or overrule a particular description about which there can be no doubt." 14 Tex.Jur., page 1040; Cullers v. Platt, 81 Tex. 258, 16 S.W. 1003; Pierce Estates, Inc., v. Howard, Tex.Civ.App., 100 S.W.2d 749.

The specific description in the second deed is not doubtful and we cannot say, as a matter of law, that the general description controls the particular description and that the McKnight land was intended to be conveyed by the deed.

It is our opinion that under the pleadings appellees are entitled to have the court construe the two deeds and determine what land was intended to be conveyed thereby. We believe the pleadings raise an issue as to the intention of the parties and that evidence is admissible concerning the facts and circumstances surrounding the execution of the deeds. Appellants' pleadings do not show on their face that appellants have no cause of action and that the deeds in question include the entire 434.75 acres of land owned by M. I. Thomas at the time the deeds were executed.

The judgment of the trial court is reversed and the cause remanded.