TEXAS OSAGE CO-OP. ROYALTY POOL, Inc. et al.

v.

THOMAS et al.

No. 3083.

Court of Civil Appeals of Texas.

Eastland.

May 28, 1954.

Rehearing Denied June 18, 1954.

House, Mercer & House, San Antonio, for appellants.

C. O. McMillan, Sam Russell, Stephenville, for appellees.

COLLINGS, Justice.

This suit was brought by E. E. Thomas and R. A. McKnight and wife, Mildred McKnight, against Texas Osage Cooperative Royalty Pool, Inc., and Flag Oil Corporation of Delaware. Plaintiffs sought to cancel two mineral deeds, or, in the alternative, to establish that the effect of such deeds was to convey only the interest in the lands specifically described therein, and to remove cloud on the title to other lands owned by plaintiffs and not specifically described in such deeds.

Upon a trial before the court without a jury, judgment was entered construing the two mineral deeds to cover and include only lands particularly described therein, and a decree that the remaining lands of plaintiffs are free and clear of any right, title and interest of the defendants, Texas Osage Cooperative Royalty Pool, Inc., and the Flag Oil Corporation of Delaware. Defendants have appealed.

This is the second appeal of this case. The first appeal is reported in 248 S.W.2d 201 and styled Thomas v. Texas Osage Cooperative Royalty Pool, Inc., which is referred to for a more detailed statement of the pleadings herein.

The pleadings and evidence show that M. I. Thomas, during his lifetime, owned the entire 434.75 acres of land involved in this suit. On April 8, 1931, M. I. Thomas died intestate. E. E. Thomas was one of three heirs to the estate and he acquired the interest of the other two. He now owns all of said 434.75 acre tract subject to mineral conveyances thereon except 83.2 acres which was sold and disposed of by M. I. Thomas during his lifetime, which has been acquired by appellees, R. A. McKnight and wife.

On February 11, 1930, M. I. Thomas executed a mineral deed (hereinafter referred to as the first deed) covering a one-half interest in the oil, gas and other minerals on eight certain tracts and parcels of land described by metes and bounds and being a part of the above described lands owned by him. Another mineral deed (hereinafter referred to as the second deed) by M. I. Thomas, bearing the same date of execution, that is, February 11, 1930, purported to convey a one-fourth interest

in the oil, gas and other minerals on an 83½ acre tract out of such land. Appellants, Texas Osage Cooperative Royalty Pool, Inc., and the Flag Oil Corporation of Delaware, have acquired and are the owners of the mineral interests conveyed to the grantees in both of the above described mineral deeds. The map set out below shows the estimated 434.75 acres of land owned by M. I. Thomas and the portions thereof covered by the two mineral deeds. The description of the eight tracts covered in the first deed and the 83½ acre tract covered in the second deed is by metes and bounds but for convenience of reference, the tracts covered in the first deed will be herein referred to as tracts Nos. 1 to 8 as they appear therein, and the 83½ acre tract covered by the second deed will be referred to as tract No. 9.

The court found that no survey on the ground had been made and that by reason of the fact that tracts Nos. 1 and 2 were partially bounded by meandering of dry branches, the correct acreage of such tracts could not be accurately calculated.

The court further found that by calculation the acreage described by the field notes of the other tracts could be computed. The court findings showed the acreage so computed as to each such tract which is substantially the same as the acreage shown on the map below, with the exception that the findings of the court showed tract No. 6 to contain 35.8 acres. Other portions of the record indicate that such tract contains 12 acres, as shown on the map. The variation is not material to the decision of this case except to show that the acreage contained in such tracts is not definite and certain.

The following map shows such tracts numbered one through nine and also other lands or tracts included in the 434.75 acres in question which tracts are numbered ten to twelve inclusive. The map also shows the original surveys in which the various tracts are situated.

The first deed described by metes and bounds and purported to convey an undivided one-half mineral interest in tracts designated on the map as Nos. 1, 2, 3, 4, 5,

6, 7, and 8. The combined acreage of these tracts appears to be about 187½ acres, or more, depending upon whether tract No. 6 contains 12 or 35.8 acres. The deed, however, contained the following language: "Again I repeat, that all of these several tracts in this deed contain 276½ acres, more or less." The first deed also provided as follows:

"It being mutually understood and agreed that this conveyance is to cover all lands now owned by the grantors in the above stipulated surveys whether herein properly described or not and containing 276½ acres of land more or less."

The second deed described by metes and bounds and purported to convey an undivided one-fourth mineral interest in the 83½ acre tract designated on the map as No. 9. The second deed also provided:

"It being mutually understood and agreed that this conveyance is to cover all lands now owned by the grantors in the above stipulated surveys whether herein properly described or not and containing 83½ acres of land, more or less."

It is to be noted that the tracts are located in four different surveys, to-wit: The Josiah Allen Survey, the R. N. Gee Survey, the W. A. Holland Survey and the Wm. Jeffries Survey.

In several points it is urged by appellants that the court erred in construing the two mineral deeds as covering only the tracts specifically described therein and thus holding void and of no effect the provision of each deed to the effect that "this conveyance is to cover all lands now owned by the grantors in the above stipulated surveys, whether properly described or not * * *." It is appellants' contention in connection with the first deed that the court erroneously reduced their interest from an undivided one-half of the minerals under the 434.75 acres, being all of the land owned by M. I. Thomas in the four

mentioned surveys at the time of the execution of the deed to an undivided one-half of the minerals under a specific 187½ or more acres being the combined acreage of tracts 1, 2, 3, 4, 5, 6, 7 and 8, as described in the first deed and as shown on the above map. Their contention in connection with the second deed is that the court erred in construing the deed as covering only the 83½ acre tract designated as No. 9 on the map, instead of all the lands owned by M. I. Thomas in the Josiah Allen Survey which constituted the entire survey and amounted to approximately 339 acres.

The case of Gulf Production Co. v. Spear, Tex.Com.App., 125 Tex. 530, 84 S.W.2d 452, 454, involved the construction of a provision in an oil and gas lease similar to that in the mineral deeds here under consideration. In that case the provision was, " * * * 'it being the intention to include all land owned or claimed by lessor in said survey or surveys'".

Judge Smedley, in discussing the provision in the lease, stated as follows:

"The words in the lease in the instant case, stating the intention of the lessor with respect to the land included in the lease, do not as plainly disclose a purpose on the part of the lessor to enlarge the description as does the language used in the leases in those cases. [Sun Oil Co. v. Burns et al., Tex.Com.App., 125 Tex. 549, 84 S.W.2d 442, and Sun Oil Co. v. Bennett et al., Tex.Com.App., 125 Tex. 540, 84 S.W.2d 447]. There the added clause stated in so many words that the lessor intended to include within the terms of the lease 'not only' the land particularly described 'but also' all other land owned or claimed in the same survey or surveys. Here the additional phrase states merely the intention to include all land owned or claimed by the lessor in the survey or surveys. It is forcefully argued that the words here used do not necessarily or manifestly have an enlarging effect, but that they

have reference to the same land as that particularly described * * *."

As indicated in the former appeal of this case, we are of the opinion that the language in the mineral deeds here in question stating the intention of the grantor with respect to the land involved, does not plainly disclose a purpose by the grantor to enlarge the description beyond the tracts particularly described but that the meaning of such language, taken alone, is ambiguous and susceptible of more than one construction. In such cases it is proper to look to circumstances surrounding the transaction to determine the intention of the parties. The basis of the decision construing the above quoted provision in Gulf Production Co. v. Spear, supra, was that the intention of the parties to an instrument not clearly and plainly describing the lands affected or phrased in language susceptible of more than one construction, must be ascertained from its language read in the light of circumstances surrounding the transaction.

In considering the surrounding facts and circumstances in the instant case, it is first to be noted that at the time M. I. Thomas executed the first mineral deed covering the eight described tracts shown to be located in the Allen, Gee, Holland and Jeffries Surveys, he was the owner of approximately 434.75 acres of land in such surveys. The eight tracts described in such deed contain approximately 187½ acres or more. An intention to convey an interest in 434.75 acres is not evidenced by a particular description covering approximately 187½ acres. The language relied upon by appellants to show an intention to convey more land than that particularly described does not provide that the conveyance should cover all lands in the mentioned surveys whether described or not. It provides only for the conveyance of lands "whether herein *properly* described or not." (Emphasis ours.) This language is, in our opinion, significant and indicates an intention by the grantor to convey only the eight tracts which were specifically described, but that the inten-

tion was to cover such tracts even though the description might be imperfect and improper.

An examination of the description of the eight tracts in the first deed shows that such descriptions were in some respects imperfect and improper. The description of tract No. 2 contains no statement of what original survey the tract is a part, although the field notes cover land which in fact is situated in the R. N. Gee Survey. The field notes to such tract are defective in that it seems that one call must be missing, and also seems to include the same land attempted to be described in tract No. 7. One of the calls in the description of tract No. 7 likewise seems to be missing.

The description of tract No. 3 fails to state the original survey in which that tract is located, although the fact that it is included in the Jeffries Survey may be determined from the field notes. The description of the field notes in this tract also appears to be defective in the third call which is "Thence S 19 E 300 varas" when it apparently should be "Thence N 19 E 300 varas."

The description of the fifth and eighth tracts also fails to state the original surveys in which such tracts are located although the facts in this connection may be acquired from the field notes.

The first mineral deed provided: "that this conveyance is to cover all lands now owned by grantors in the *above stipulated surveys* * * *." (Emphasis ours.) The effect of appellants' contention necessarily is that the words "stipulated surveys" refers to the original surveys in which the tracts are stated to be. This contention is not consistent with the facts as above shown that the description of tracts 2, 3, 5 and 8 do not state the surveys in which such tracts are located. As to such tracts, no surveys were stipulated. In view of such facts and the errors of description above noted, it seems more consistent to assume that by the use of the words "above stipulated surveys" the grantor actually in-

tended to refer to "tracts" therein above stipulated.

Most significant, in our opinion, is the description of the sixth tract in the first deed which states that such tract is out of the J. M. Tucker Survey. The field notes to tract No. 6 describes land located in the Wm. Jeffries Survey as is shown in the above map. It is obvious that the language "J. M. Tucker Survey" means "J. M. Tucker Tract." The description shows that tract No. 6 is out of lands previously owned by J. M. Tucker but all of the evidence shows, and appellants, as we understand, concede and urge that tract No. 6 is actually located in the Jeffries Survey.

The provision of the first deed to the effect "that this conveyance is to cover all lands now owned by the grantors in the above stipulated surveys whether herein properly described or not and containing 276½ acres, more or less," when considered in connection with all other terms and provisions of the mineral deed and in connection with the surrounding facts and circumstances as above set out, was properly construed by the trial court not to affect a conveyance of an interest in the minerals in the entire 434.75 acres owned at that time by the grantors in the four mentioned surveys. In the case of Burke v. Owens-Illinois Glass Co., D.C., 86 F. Supp. 663, 666, it was found that the word "survey" is sometimes used to mean the same as "tract." Also see Clark v. Gregory, Tex.Civ.App., 26 S.W. 244. In our opinion, this is the sense in which the terms "survey" is used in the above quoted provision of the first mineral deed. It is true that such a construction results in a conveyance of only 187½ acres or more when the deed specifically stated that the "several tracts in this deed" contain 276½ acres, more or less. The fact, however, that there is an obvious error in the statement of the number of acres in the specific tracts described in the deed is not, under the circumstances, sufficient to show that the parties intended to convey 434.75 acres rather than 187½ acres more or less.

In our opinion, the trial court properly concluded that the words "stipulated surveys" as used in the first deed referred to the eight stipulated *tracts* of land therein described by metes and bounds and correctly construed the deed as passing title to a one-half mineral interest in such tracts only.

The second mineral deed contained a similar provision to the effect "that this conveyance is to cover all lands now owned by the grantors in the *above stipulated surveys* whether herein properly described or not and containing 83½ acres, more or less." (Emphasis ours.) The second deed was of the same date and had the same grantors and grantees as the first deed. The surrounding facts and circumstances of the first deed are, therefore, also applicable to the second deed. The quoted provision of the second deed, considered in connection with other terms and provisions of such deed in which only 83½ acres was particularly described, and the surrounding facts and circumstances do not show an intention to convey an interest in the minerals in the entire approximately 339 acres then owned by the grantors in the Josiah Allen Survey. We are of the opinion that the words "stipulated surveys" in the above quoted provision of the second deed was intended by the parties to have the same meaning as intended in the first deed of the same date and between the same parties, and referred to the specific 83½ acres "tract" described therein. The trial court did not err in construing the second deed to pass title to a one-fourth mineral interest in only such particularly described 83½ acre tract.

Appellants' eighth point to the effect that the court erred in charging all costs in the trial court to appellants is overruled.

The judgment is affirmed.